HAXTUN STEAM HEATER COMPANY, Plaintiff and Respondent, *v.* MARTIN L. GORDON, ET. AL., Defendants; THE DAKOTA INVESTMENT COMPANY, Defendant and Appellant.

**Mechanic's Liens—Priority—Mortgages.**

    1. Under our mechanic's lien law, a party who furnishes labor and materials which are used in the construction of a building has a lien for the value of such labor and materials upon such building, and the

land whereon it stands, superior to the lien of a mortgage upon such land executed after the commencement of the building, although no part of such labor and material was furnished until after such mortgage was executed and recorded.

2. Alterations in the original plans and specifications for the building, although made after the execution of such mortgage, and not at that time contemplated by either the mortgagor or mortgagee, cannot be effectual to deprive the party who furnishes the labor and material for such alteration of the benefits of such superior lien, provided such alterations do not change the design and purpose of the building, so that the whole, when finished, is substantially a different building from the one first commenced.

(Opinion Filed Nov. 18, 1891.)

*A*PPEAL from district court, Grand Forks county; Hon. CHARLES F. TEMPLETON, Judge.

*Burke Corbet,* for appellant. *Fred B. Lathrop* and *Cochrane & Feetham,* for respondents.

Action by the Haxtun Steam Heater Company against the Dakota Investment Company and others to determine the priority of liens on real estate. Judgment for plaintiff. Defendant appeals. Affirmed.

Burke Corbett, for appellant:

Error is claimed by the trial court, striking out certain testimony of defendant's witnesses, citing to sustain the point: Soule v. Dawes, 7 Cal. 575; Crowelly v. Gilmore, 13 Cal. 54; Mutual Life Co. v. Rowland, 26 N. J. Eq. 389; Wells v. Canton county, 3 Md. 234; Knox v. Stark, 4 Minn. 20; Taylor v. LaBar, 25 N. J. Eq. 222; Tompkins v. Horton, 25 N. J. Eq. 284; Parrish Appeal, 83 Pa. St. 111; Aiken v. Kennison. 5 At. Rep. 757. A mechanic's lien for materials for improving or enlarging a building does not take priority over an existing mortgage. Jessup v. Stone, 13 Wis. 466; Getchell v. Allen, 34 Iowa 559; Insurance Co. v. Slye, 45 Iowa 615. Provisions of a mechanic's lien law giving such lien priority over incumbrances on the land created before the making of the contract and decreeing that the deed, etc., takes precedence of any other title, is void. Myers v. Berlandi, 39 Minn. 438.

Fred B. Lathrop, for respondent:

The material which enters into the construction of a building prior to its completion, pursuant to a contract with the owner, is a part of the building, and the material-man has a lien dating from the commencement of the building. This is the sole test to determine priority. Nelson v. Iowa, etc., 44 Iowa 75; Davis v. Alvord, 94 U. S. 545; Insurance Co. v. Sly, 45 Iowa 615; Davis v. Belsland, 85 U. S. 659; Brooks v. Burlington, 101 U. S. 443; Hydraulic Co. v. Bormen, 19 Mo. App. 665; Douglas v. St. Louis, etc., 56 Mo. 400; Page v. Betts, 17 Mo. App. 381; Insurance Co. v. Pringle, 2 S. & R. 138; Reading v. Hopson, 90 Pa. St. 497; Dubois v. Wilson, 21 Mo. 214. The mortgagee takes his mortgage with notice of this. The fact of the improvement gives notice to the world. Loan Association v. Rowland, 26 N. J. Eq. 392, and cases cited. The commencement of the building is the first labor done on the ground—the excavation for the foundation. Conrad v. Star, 50 Iowa 481. Boilers imbedded in brick and stone and a steam heating apparatus are a part of the building when furnished during its construction. Dimmick v. Cook, 8 At. Rep. 627; Watts v. Geuning, 3 N. Y. Sup. 869; Boynton v. Reid, 3 N. Y. Sup. 224; Schwar v. Allen, 7 N. Y. Sup. 5; Schaper v. Bibb, 17 At. Rep. 935; Goss v. Hilbrig, 19 Pac. Rep, 277; Short v. Miller, 14 At. Rep. 374; Donahue v. Cromartie, 21 Cal. 86.

The opinion of the court was delivered by

BARTHOLOMEW, J. This is a contest for priority between plaintiff, the Haxtun Steam Heater Company, a mechanic's lien holder, and the defendant, the Dakota Investment Company, a mortgagee. There was a decree below for the plaintiff, and the investment company appeals. Section 5478 of our Compiled Laws reads as follows: " The liens for labor done or things furnished shall have priority in the order of the filing of the accounts thereof, as aforesaid, and shall be preferred to all other liens and incumbrances which may be attached to or upon said building, erection, or other improvement, and to the land on which the same is situated, or either of them, made subsequent to the commencement of said build-

ing, erection, or other improvement." The unquestioned facts
are these: One Gordon was the owner of certain lots in the
city of Grand Forks, upon which he desired to erect an hotel
building. On August 12, 1889, he commenced the erection of
said building. August 17, 1889, Gordon executed to the appel-
lant a mortgage upon said lots for the sum of $10,550. That
said mortgage was properly recorded on August 19, 1889. That
in October, 1889, Gordon entered into a contract with the re-
spondent, by which respondent agreed to place a steam heating
apparatus in said building, which was furnished and put in
place in November and December of that year, and before the
completion of the building; and within the required time re-
spondent furnished and filed the necessary documents to per-
petuate its lien for the unpaid amount due for such heating ap-
paratus. The appellant introduced certain evidence, which, on
motion of respondent, was subsequently stricken out by the
court as immaterial. This action of the court is assigned as
error. The rejected evidence showed that before the building
was commenced Gordon procured an architect to make plans
and specifications therefor; that there was no general con-
tractor for the erection of the building, but that Gordon con-
tracted with various parties for different lines of material and
work as the same were needed; that said plans and specifica-
tions were always used as the basis upon which such contracts
were made; that said plans and specifications contemplated
heating said building with stoves, and not by steam, but in-
cluded a smoke stack for future use, as it would be cheaper to
put it in then than afterwards; that said plans and specifica-
tions, and the submission of bids by different contractors there-
under, formed the basis upon which appellant made the loan to
Gordon; that after such loan was perfected, and the mortgage
executed and recorded, the plans for said building were so far
changed as to substitute a steam heating apparatus for stoves;
that said change was made at the solicitation of respondent's
agent, and when made, and when the contract for the steam
heating apparatus was entered into, respondent had both actual
and constructive notice of the mortgage to the appellant. This
statement uncovers the contention of the parties. Respondent

claims that under the statute its lien has priority over any mortgage on the lots made subsequent to the commencement of the building, although prior to the time when respondent made its contract with Gordon and furnished any part of its labor and materials. The appellant, on the other hand, insists that, as it parted with its money and took its security on the basis of the plans and specifications as they then existed, it is by law entitled to priority over any lien for labor or materials subsequently furnished for purposes not then contemplated in the plans and specifications of the building then being erected; that as to the steam heating apparatus furnished by respondent it was so far a change of and enlargement upon the original building that as to it, and the inception of a lien therefor, the building was not commenced, in the sense of the statute, until the contract for such apparatus was entered into. All of the errors assigned are but different methods of bringing forward this one claim, and the case presents but the single question.

Mechanic's lien statutes, containing provisions similar to or identical with the section quoted from our statute, exist in many of the states, and have been frequently before the courts. The precise point here raised has not been often ruled, nor, unfortunately, have the rulings been uniform, yet we are clear that the holding of the lower court has the support of the decided weight of authority as well as sound principle. Appellant cites us to the case of Welch v. Porter, 63 Ala. 232. That case was decided under a statute which declares that the lien conferred thereby "should attach and be preferred to all other incumbrances which may be attached to or upon such buildings, erections, or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements." It must be admitted that this case fully sustains appellant's position, and goes even further, for the court say: "Nor do we doubt that when, by the terms of the contract, one person is to do the labor, and another is to furnish the material, the lien of each attaches from the time he commences the performance of his contract." And again: "If we were to hold that, because a building had been commenced, a subsequent contractor or material-man could acquire a lien which would

take precedence over an intervening incumbrance, we think we would shock the moral sense of the profession, and fail to carry out the intent of the legislature." In that case there was no question of alteration in the original plans, or enlargement upon the building, and the court holds that the lien of each mechanic or material-man attaches only from the time he commences the performance of his contract. The case stands alone, however. No other case can be found going to the same extent. Appellant also cites in support of its position Soule v. Dowes, 7 Cal. 575. But in that case the facts were of an entirely different character. There the lot owner entered into a contract for the erection and completion of a building for a consideration certain, to be paid part in money and part by the conveyance to the contractors of certain other realty. While the building was in progress of erection the owner mortgaged the property where the building stood to a party who was thoroughly conversant with the terms of the contract with the contractors. After the building was completed the contractors waived the conveyance of the realty that was to be taken in part payment, and took the owner's note for the amount, and subsequently filed a lien, and sought to have it declared superior to the mortgage. But the court held that the parties could not change the terms of payment to the detriment of the mortgagee. The language used by the California court was entirely pertinent to the facts in that case, but certainly never was intended to apply to the facts of a case like the one before us. This case was again before the supreme court in 14 Cal. 250. At that time a new element was introduced into the case in the form of a claim for extra work not covered by the compensation fixed in the original contract. The court allowed the claim as superior to the mortgage, but upon the theory that the extra work was done with the mortgagee's knowledge, and without any objection on his part, and the language used would indicate that the claim would not have been allowed under other circumstances. The cases that have held that the lien for labor or material was paramount to the lien of the mortgage executed after the building was commenced, but before such labor or material was furnished, are very numerous. The leading ones are Neilson v. Railway

Co., 44 Iowa 71; Dubois v. Wilson, 21 Mo. 213; Insurance Co. v. Pringle, 2 Serg. & R. 138; Gordon v. Torrey, 15 N. J. Eq. 112; Meyer v. Construction Co., 100 U. S. 457; Davis v. Bilsland, 18 Wall. 659; Parrish & Hazzard's Appeal, 83 Pa: St. 111; Insurance Co. v. Paulison, 28 N. J. Eq. 304. In some states, also, the mechanic's lien attaches to the particular structure or improvement for which the labor or materials were furnished, in preference to a mortgage on the land executed prior to the commencement of such structure or improvement. See Brooks v. Railway Co., 101 U. S. 443, and cases there cited. But this is only true where such structure or improvement is of such a nature and so built that it can be sold separately, and severed, and removed without injury to the realty, as it existed prior to the building of such structure or improvement. Getchell v. Allen, 34 Iowa 559; Insurance Co. v. Slye, 45 Iowa 613. It has also been repeatedly held that, when a building was once finished, the lien for labor or material subsequently furnished for additions, enlargements, or alterations thereto did not attach from the commencement of the original building, but only from the commencement of such additions, enlargements, or alterations. See Phil. Mech. Liens, § 220, and cases cited. The cases where the subsequent labor or materials, for which a lien superior to the intervening mortgage is claimed, were furnished and used in the construction of the building before its completion, but for purposes not contemplated in the original plans, or when the mortgage was executed, are less numerous. Phillips on Mechanic's Liens thus states the principle: "The criterion would seem to be that everything done before the building is finished, according to the original plan or design, whether agreeably to that plan or not, may be made the subject of a lien, which will relate back to the period when the building was commenced, to the exclusion of intervening incumbrances. * * * So long as any part of a building is incomplete the whole is so, and may be moulded into any shape to suit the wishes of the owner, without excluding the alterations so made from the benefit of the lien law." § 220.

Norris' Appeal, 30 Pa. St. 122, is an instructive case, and discusses many of the principles that ought to govern this case.

In that case a party commenced the erection of a building for the purpose of manufacturing saws by hand. Before it was entirely completed he conceived the idea of changing it into a steam manufacturing establishment, which required the erection of additional buildings and the outlay of much more money. He paid off all mechanic's claims up to that date, and mortgaged the premises. Subsequently he began the erection of the additional buildings which, when completed, formed, with the building first erected, one establishment. A lien was filed for labor and material that went into the additional buildings, but the court held such lien junior to the mortgage, on the ground that the steam manufacturing establishment was an entirely different structure from the one first erected, and was not commenced until the additional buildings were commenced. Judge SHARSWOOD in his opinion, adopted by the court, says: "The true question then is, was the whole establishment erected on substantially one plan and design from the commencement, or was the plan or design so materially changed during the progress of the work as to make the whole a different building from that which was or would have been erected had no such change taken place? I use this language cautiously, to exclude the idea that any project of subsequent alteration, whether vague or certain, whether entertained at the commencement or suggested during the progress of the building, and not embodied in the actual plan upon which it was commenced and carried on, could make any difference." Further on he says: "It may be safely conceded that unimportant alterations in the plan, such as the height or number of the stories, the arrangement and finish of the rooms, or even the addition of one or more outhouses, not materially altering its character, would not affect the rights of subsequent claimants." See, also, Pennock v. Hoover, 5 Rawle, 307; Insurance Co. v. Slye, *supra.* In this case the heating apparatus was furnished and placed in the building in the course of its erection. That it became a part of the structure is not questioned. The law would presume, in the absence of all testimony, that the heating apparatus augmented the value of the building in an amount equal to its cost. The building, when completed, was

the same building that was commenced before the mortgage was given. "The purpose of its design" was in no manner changed. It had the same dimensions, the same general arrangement, and was furnished and fitted for the purposes originally intended. That it was heated in a different manner is of no more significance than would have been the addition of another coat of paint or plaster. From the time of its commencement there was, so far as the record shows, no cessation or delay in its erection until it was completed. It is idle to say that there can be two points of time at which such a building is commenced. We cannot add to the statute. These statutes have generally been liberally construed to give effect to the benefits they are intended to secure. To deny the respondent a lien for its labor and materials that went into that building, superior to the lien of a mortgage that, confessedly, was executed five days after the building was commenced, would be in clear disregard of the statute. It may be that there is an element of hardship in it. It may be that the mechanic or material-man could protect himself by searching the record, but experience shows that line of business is not usually done in that manner. It may be that the person who takes a mortgage upon realty whereon a building is in process of erection assumes some risks that he cannot accurately measure. But so the law is written. Nor is there any great hardship in it. The mechanic or material-man is entitled to no lien until he has augmented the value of the property, and then only to the amount, theoretically and presumptively, of such augmented value. This increased value of his security is directly beneficial to the mortgagee. It is true that to save his mortgage lien he may be required to make an increased investment in the security, but the increased investment is measured by the increased value. One lien or the other must be superior, and the legislature, in its wisdom, has seen proper to require that the mortgagee should take care of the mechanic's lien— usually insignificant in amount as compared with the mortgage—rather than that the mechanic, often a day laborer, should take care of the mortgage of the capitalist. As under the statute the respondent's lien was superior to the lien of ap-

pellant's mortgage, the excluded evidence was immaterial, and the conclusions of law drawn by the trial court from the undisputed facts were entirely correct. Judgment affirmed. All concur.