Henry Bastien *vs.* Michael Barras, *et al.*

Opinion filed November 23, 1900.

**Mechanics' Lien—Priority—Mortgage.**

Under section 4793, Rev. Codes, a mechanic's lien may be had for labor and material used in the construction of a building, which will have priority over a real estate mortgage executed and recorded prior thereto, when the building for which such labor and material was furnished was in process of construction when the mortgage was executed. The right to such lien, however, may be lost by a failure of the lien claimant to assert it.

**Waiver of Priority by Laches.**

In this case certain lien claimants foreclosed their liens, and in the foreclosure actions made no claim of priority. The judgments entered in each case established the lien as of date of the judgment, and directed a sale of the premises to satisfy the same. It is *held* that the defendants, who purchased the premises at the sheriff's sale made pursuant to said judgments, acquired only the interest of the lien claimant as established by the judgment, and not the interest he would have had had he asserted and established his lien as relating back to the commencement of the building. The interests of defendants are accordingly subordinate to the lien of plaintiff's mortgage.

**Real Party in Interest.**

It is further *held* that the right to assert such priority belongs exclusively to the person entitled to the lien, and not to a purchaser of the premises at sheriff's sale. The rights of the latter are measured by the lien as established by the judgment.

Appeal from District Court, Walsh County; *Sauter,* J.

Action by Henry Bastien against Michael Barras and others. Judgment for plaintiff. Defendants appeal.

Affirmed.

*Spencer & Sinkler,* for appellants.

Plaintiff's mortgage was filed on the 24th day of April, 1897. The building located on the mortgaged land was commenced on the 9th day of December, 1896. The appellants, therefore, who furnished labor and material for the completion of the building, are superior in their liens to the mortgage. *Turner* v. *St. John,* 8 N. D. 245, 78 N. W. Rep. 380; *Haxton Heater Co.* v. *Gordon,* 2 N. D. 246, 50 N. W. Rep. 708; *Vilas* v. *McDonough Mfg. Co.,* 65 N. W. Rep. 488; *Erdman* v. *Moore,* 33 Atl. Rep. 958; *Carew* v. *Stubbs,* 30 N. E. Rep. 219; *Chapman* v. *Brewer,* 62 N. W. Rep. 320; 2 Jones on Liens, 1470; *Milnor* v. *Norris,* 13 Minn. 424; § 4793, Rev. Codes. A subsequent mortgagee is not a necessary party to forclose a prior mortgage. *Kornegay* v. *Farmers' Steamboat Co.,* 12 S. E. Rep. 122; *Williams* v. *Kerr,* 18 S. E. Rep. 501, 9 Enc. Pl. & Prac. 321; *Carpenter* v. *Brenham,* 40 Cal. 221. The only right which a subsequent purchaser has, not having been made a party

to the foreclosure of a prior lien, is to redeem. *Whitney* v. *Higgins,* 10 Cal. 547; *Gamble* v. *Voll,* 15 Cal. 508; *Gage* v. *Brewster,* 31 N. Y. 217; *Newcomb* v. *Dewey,* 27 Ia. 381; 2 Jones on Liens, § 1579; 2 Jones on Mortgages, § 1395; *Rogers* v. *Holyoke,* 14 Minn. 158; *Johnson* v. *Hosford,* 10 N. E. Rep. 407; *Denton* v. *Ontario Nat. Bank,* 150 N. Y. 126; Wiltsie on Mortgage Foreclosure, § 61; *Evans* v. *Tripp,* 35 La. 371; *Williams* v. *Chapman,* 65 Am. Dec. 669; *Owens* v. *Heidberder,* 44 S. W. Rep. 1079; *Demming Lumber Co.* v. *Savings Ass'n,* 49 N. E. Rep. 28; *American B. & T. Co.* v. *Lynch,* 10 S. D. 410, 73 N. W. Rep. 908.

*Gray & Casey,* for respondent.

Because the record does not disclose that the notice and bond for appeal were served on defendants, Barras, Wentz and Murphy, the appeal should be dismissed. § 5606, Rev. Codes; 2 Enc. Pl. & Prac. 230, 236; *Castle Dome M. & S. Co.,* 21 Pac. Rep. 746; *De Armaz* v. *Jones,* 34 Pac. Rep. 223; *Gill* v. *Jones,* 52 Pac. Rep. 78; *Pacific Mut. Life Ins. Co.* v. *Fisher,* 39 Pac. Rep. 759; *Grays Harbor Co.* v. *Wotton,* 43 Pac. Rep. 1095. Appellant cannot ask for a trial de novo without making the defendant, Barras, one of the persons most vitally interested, a respondent. *Tyler* v. *Shea,* 4 N. D. 382; *Hamilton* v. *Blair,* 31 Pac. Rep. 197. The notice of appeal describes an ordinary money judgment for $1,389, damages and costs, in favor of respondent, Bastien, and against appellants. Such a notice of appeal is insufficient to give this court jurisdiction of the judgment actually entered. 2 Enc. Pl. & Prac. 218; *Ream* v. *Howard,* 24 Pac. Rep. 913; *Crawford* v. *West,* 39 Pac. Rep. 218; *Kellogg* v. *Smith,* 10 Wis. 135. The appeal bond does not sufficiently describe the judgment appealed from to identify it with certainly, and the appeal should be dismissed. *Smith* v. *Cheatham,* 12 Tex. 37; *Horton* v. *Bodine,* 19 Tex. 280; *Williams* v. *State,* 26 Ala. 85; *Messner* v. *Lewis,* 17 Tex. 519. The undertaking on appeal in this action is not accompanied by the affidavit of the sureties to the effect that each surety is worth any sum whatever over and above his debts and liabilities in property within the state not exempt by law from execution. § 5622, Rev. Codes; *McDonald* v. *Ellis,* 36 Pac. Rep. 37; *Northern Counties* v. *Hender,* 41 Pac. Rep. 913; *Tolerton* v. *Casperson,* 7 S. D. 206, 63 N. W. Rep. 909. The assignments of error on plaintiff's part are insufficient. *Brynjolfson* v. *Thingvalla,* 8 N. D. 106; 2 Enc. Pl. & Prac. 442; *Noyes* v. *Lane,* 48 N. W. Rep. 322; *Bem* v. *Bem,* 4 S. D. 138, 55 N. W. Rep. 1102. Where a mechanic's lien has been foreclosed by appropriate proceedings against the owner of the premises alone, and it nowhere appears in the judgment when the lien attached to the premises, the judgment will operates as a lien upon the premises from the time it was docketed only as against the purchaser at sheriff's sale. *Kendal* v. *McFarland,* 4 Ore. 442; *Reading* v. *Hopson,* 90 Pa. St. 494; *Meggs* v. *Bunting,* 21 Atl. Rep. 588; Boysot on Mechanics' liens, § § 532, 672. The Cairncross and Davies lien

claims are void because of the mingling in the lien claim of lienable and non-lienable articles. *Williams* v. *Toledo Coal Co.*, 36 Pac. Rep. 159, 15 Am. & Eng. Enc. L. (1st Ed.) 142; Boysot on Mechanics' Liens, § 428. Where one sues for material furnished he cannot recover for labor performed. *Eaton* v. *Maletesta*, 28 Pac. Rep. 24.

YOUNG, J. Plaintiff prosecutes this action to foreclose a real estate mortgage executed by Michael Barras, one of the defendants herein, and, as an incident thereto, to have the lien of such mortgage declared paramount to the interests of the other defendants in the mortgaged premises. Barras does not answer. The remaining defendants answered separately, setting forth their respective interests, and ask that the same be adjudged superior to the lien of plaintiff's mortgage. It is admitted that the mortgage was executed as alleged, and that the notes secured thereby are unpaid. The sole controversy in the case is whether the mortgage constitutes a prior lien. The trial court found with plaintiff, and directed the entry of judgment in accordance with the prayer of his complaint. Defendants appeal from the judgment.

For the purpose of this appeal, appellants caused a statement of case to be settled, which embraced all of the evidence offered at the trial, and also a specification that they desired a retrial of the entire case in this court under the provisions of section 5630, Rev. Codes. So far, however, as their appeal relates to a retrial in this court under said section, it has been entirely abandoned. The evidence offered in the trial court has been wholly omitted from the record presented here, and appellants do not now ask a trial de novo. They are satisfied with the findings of fact made by the trial court, but insist that such findings do not warrant the conclusions of law and the judgment of the District Court, wherein it was determined that plaintiff's mortgage was paramount. On the contrary, they contend that the findings of fact, as they stand, entitle them to a judgment declaring plaintiff's mortgage subject and subordinate to their respective interests in the premises. This presents the sole question in the case, and it arises fairly upon the statutory judgment roll. Do the findings of fact warrant the conclusion and judgment of the trial court? We are agreed that they do, and that the judgment of the trial court must accordingly be affirmed. The facts upon which the trial court based its conclusions, so far as pertinent on the question of priority, are these: Plaintiff's mortgage was executed and recorded on February 24, 1897. A building known as the "French College" was then in process of construction on the premises covered by such mortgage. The building was commenced on December 9, 1896, and was not completed until March 24, 1898. Three mechanics' liens were filed against the premises. They were filed approximately a year after plaintiff's mortgage was recorded,— the exact date not being material,—and were for labor and material furnished long subsequent to the recording of the mortgage. These

several liens were foreclosed in actions wherein Michael Barras, the owner of the premises, was sole defendant; and judgments were obtained therein establishing such liens, and directing a sale of the premises to satisfy the same. Appellants are the purchasers at the sheriff's sale made pursuant to said judgments, and their interests in the mortgaged premises are represented by the sheriff's certificates issued on said sales. Neither in the foreclosure proceedings nor in the liens filed did the lien claimants claim liens on the premises anterior in time to the furnishing of the labor and material, which, as we have seen, was subsequent to the recording of plaintiff's mortgage; and the judgments entered, directing the sale of the premises, established the liens only as present liens as of date the judgment, and, in express language, barred only those who should thereafter acquire an interest in said premises from Barras. The most liberal construction of the foreclosure proceedings will not extend the lien established by the judgment prior to the furnishing of the labor and material. In these several foreclosures the lien claimants entirely ignored the fact that the building for which they had furnished labor and material had been in process of construction from December 9, 1896, and were content to claim and establish a lien merely from the date such labor and material were furnished. Under these facts, we think it is entirely clear that the interests of defendants in the premises are subordinate to the lien of the mortgage. They have just what they purchased at the sale, and no more, and that interest was what the lien claimants had to sell. To ascertain the extent of that interest, we must look to the judgments which determined it. They disclose that the liens, at most, did not antedate the furnishing of the labor and material, and were subsequent in time to the execution and recording of plaintiff's mortgage. Appellants' contention seems to be that, inasmuch as the building was under construction when plaintiff's mortgage was executed, it is postponed to mechanics' liens for labor and material thereafter furnished for the purpose of completing it. As a general statement of law, the proposition is correct. See Rev. Codes, § 4793; *Heater Co.* v. *Gordon,* 2 N. D. 246, 50 N. W. Rep. 708; *Turner* v. *St. John,* 8 N. D. 245, 78 N. W. Rep. 340. But it does not apply to the facts of this case as they exist. If this were an action between the mortgagee and the lien chaimants, in which the latter were seeking to make their lien relate back, the principle would be applicable; and undoubtedly such lien claimants could by appropriate proceedings have claimed and established their liens as prior to the mortgage, upon the strength of the fact that the building was being erected when the mortgage was given. But they did not see fit to do so. They were satisfied with subordinate liens, and appellants are merely the purchasers at sheriff's sale of such subordinate interests. Furthmore, these appellants are not lien claimants. They are purchasers, and hold under independent rights, to which the liens filed and foreclosure proceedings are important only for the

purpose of measuring the extent of their purchase. As we have seen, the liens established were subordinate to the mortgage, and appellants acquired no other or greater interest by the purchase at the sheriff's sale. In other words, they acquired the interests which the lien claimants had as fixed by the judgment, and not to what they might have claimed. There is no principle of law or equity which will permit appellants to expand their purchase by parol evidence, and thus make it relate back to a time long anterior to the time when the lien attached as shown by the judgment, and thus secure in this litigation an estate and interest entirely different and of greater value than that actually purchased. If it could be done in the case at bar, it could in similar cases. For instance, on the theory that a purchaser at a foreclosure sale acquires such rights as the lien claimant had before foreclosure proceedings were begun, a purchaser of an 80-acre tract of land at a mortgage foreclosure sale might thereafter insist that in reality he was entitled to 160 acres, because the mortgage which had been foreclosed originally covered 160 acres, and a judgment and decree might have been obtained directing the sale of the entire tract. A sufficient answer would be that no such judgment was in fact rendered, and in the case at bar that the judgments establishing the mechanics' liens established them as subordinate liens in fact, and that the extent of the estate or interest of the purchasers is that actually determined by the judicial proceedings, and not by what might have been determined therein. The particular question involved on this appeal has seldom reached courts of last resort. The few reported cases, however, where it has been presented, hold views entirely in harmony with those we have expressed. *Kendall* v. *McFarland,* 4 Ore. 292; *Reading* v. *Hopson,* 90 Pa. St. 494; *Meigs* v. *Bunting* (Pa. Sup.) 21 Atl. Rep. 588. In *Kendall* v. *McFarland,* supra, the court said: "No time having been specified in any of these judgments when the building was commenced upon which the liens were claimed, the judgments could only operate as liens upon such property, the same as any ordinary judgment, from the time when they were placed upon the judgment-lien docket; and, in consequence of these judgments failing to show when the mechanics' liens attached to the building, we are unable to see how any other or greater interest could have been sold under special execution than was owned by Hunt in the property on the day when the judgments were docketed. In an action to enforce a mechanic's lien, if the party desires the lien to be enforced from the commencement of the building upon which the lien is claimed, the time when the building was commenced should be averred in the complaint, so that it may be determined and adjudged by the court at what time said lien attached to the building. To enable the appellant to hold the premises against the mortgage of respondent, it should have appeared in the judgments and proceedings under which he claims title that these mechanics' liens

attached to the building in question prior to the time when respondent's mortgage was executed and recorded. The time when these liens commenced to have an existence was one of the main questions to be ascertained and judicially determined in said action. If no time was mentioned in said proceedings when said liens attached, we are unable to see how it can be done here, and after said judgments have been executed." In *Reading* v. *Hopson,* supra, it was held that parol evidence might be offered, in a contest between the mortgagee and the lien claimant, to show that a building upon which a mechanic's lien is claimed was commenced prior to the execution of the mortgage. The court said: "But an entirely different case is presented when the question arises between the mortgagee and the purchaser at sheriff's sale, as the bidder at sheriff's sale is not bound to look beyond the record in determining what he shall bid; and it cannot be shown, as against him, that a prior lien has been paid, or is not subsisting; so neither can he take advantage of any fact dehors the record to discharge the land from the lien of the mortgage."

The conclusions of law reached by the trial court upon the facts as found in this case were entirely sound, both in principle and under the authorities, and the judgment is accordingly affirmed. All concur.