### SMITH v. EUREKA LUMBER CO.

(Court of Civil Appeals of Texas. Amarillo. June 1, 1912.)

1. COURTS (§ 122*)—STATE COURTS—DISTRICT COURT OF TEXAS — JURISDICTION — PLEADING.

Where the petition in an action to foreclose a lien showed that the amount of the debt was not within the jurisdiction of the district court, and the value of the building on which the lien was claimed was nowhere alleged, and the plaintiffs disclaimed any lien on the lots, the district court was without jurisdiction, and could not claim it under Rev. St. 1895, art. 1098, subd. 4, giving it jurisdiction of all suits for the trial of title to land and the enforcement of liens thereon.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

2. PLEADING (§ 245*)—AMENDMENTS.

Where the petition is defective in not showing that the district court to which it was addressed had jurisdiction of the action, an amendment to show that fact should, even after a judgment for plaintiff has been reversed on appeal, be allowed to prevent multiplicity of suits.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 653–675; Dec. Dig. § 245.*]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by the Eureka Lumber Company against W. W. Smith and another, in which T. A. Hilburn and others intervened. From a judgment for interveners, defendant Smith appeals. Reversed and remanded.

R. E. Stalcupp, of Dalhart, for appellant. Durell Miller, of Channing, for appellees.

PRESLER, J. In this case appellees sued appellant, together with one G. W. Peoples, to recover a debt of $46.20 on an account

for lumber and building material furnished appellees and used in the repair of a certain building, located on lots Nos. 19 and 20, in block 52, in Dalhart, Tex., and for foreclosure of an alleged materialman's lien on said building, and alleging, as to the defendant Peoples, that he was claiming some sort of a lien on said property, and sought to have the question of priority of said lien decided in said suit. Thereafter, and before judgment rendered in said cause, the appellees, T. A. Hilburn, John McMurry, and A. C. Morgan, by leave of the court, intervened in said suit, claiming that they had furnished the material referred to in plaintiff's pleadings, and that they were the owners of the debt sued on and of the lien asked to be foreclosed on said building. The appellant, Smith, in the court below, answered, among other things, by a plea to the jurisdiction of the court, alleging that plaintiff's petition showed no facts which gave the court jurisdiction, and also by a general demurrer and general denial, and to interveners' pleadings answered by a plea in abatement, presenting again, in substance, his plea to the jurisdiction of the court and further by general demurrer. The court, upon a trial of the case, overruled appellant's plea to the jurisdiction and his demurrers and proceeded to try the case upon its merits, no jury being had, and rendered judgment in favor of said interveners, these appellees, T. A. Hilburn, John McMurry, and A. C. Morgan, in the sum of $46.20, and declared a lien in favor of said appellees on the building hereinbefore referred to, foreclosed the same, awarded to appellees an order of sale of said building, directing the officer executing such process to place the purchaser of said building in possession thereof, and allowed said purchaser to remove said building from the lots on which it was situated, without further order of court, adjudged the question of priority of liens against the defendant G. W. Peoples and in favor of interveners, and further adjudged that the original plaintiff, the Eureka Lumber Company, take nothing by its suit and pay all costs incurred by it in this cause. From this judgment, appellant appeals to this court, and here assigns as error the action of the court in refusing to sustain his plea to the jurisdiction, and also complains of the refusal of the court to sustain his plea in abatement, filed in answer to the interveners' pleading, and contends that upon the face of the pleadings of both the original plaintiff and the interveners it clearly appears that the court was without jurisdiction to hear and determine this cause.

[1] We are of the opinion that appellant's contention is well founded, and that the error complained of is fundamental. Upon an examination of the pleadings of both the original plaintiff and the interveners, we find no allegations in either showing jurisdiction in the district court to hear and determine said cause. The amount sued for is clearly not within the jurisdiction of said court, and the value of the building upon which said lien is sought to be foreclosed, is nowhere alleged; and, while, under the law, the interveners may have had a lien, both upon the building and upon the lots upon which it was situated, neither they nor the original plaintiff sought to enforce any lien, other than on the building itself, and expressly disclaim in their pleadings any claim to a lien on said lots. We are therefore unable to hold that this is such suit for the enforcement of a lien on land as would confer jurisdiction upon the district court, under subdivision 4 of article 1098, R. S.

[2] We therefore conclude that, the pleadings of the plaintiff and of the interveners having failed to show jurisdiction, this cause should be here reversed and remanded, and in order to avoid a (possible) multiplicity of suits appellees should be allowed the opportunity to amend their pleadings, and, if they shall fail to do so before this cause is regularly reached upon the docket of the trial court, that said cause shall be dismissed by said court from the docket thereof. Chicago, R. I. & G. Ry. Co. v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 117.

Reversed and remanded.