TUEC Co. *v.* McKNIGHT & MERZ *et al.*

(*Jackson.*   April Term, 1918.)

**MECHANICS' LIENS. Fixtures. Vacuum cleaner.**

A vacuum cleaner operated by electricity, requiring special wiring, and consisting of certain parts permanently attached to theater and other parts which are loose but can be attached to and detached from the parts attached to the building, as the use of the plant requires, is, under modern conditions, material used in construction and subject to lien.

Case cited and approved: Halley v. Alloway, 78 Tenn., 523.

---

FROM MADISON.

---

Appeal from the Chancery Court of Madison County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— HON. J. W. Ross, Chancellor.

D. W. HERRING, for plaintiff.

R. F. SPRAGINS, for defendants.

MR. JUSTICE LANSDEN delivered the opinion of the Court.

The question to be discussed in this opinion is the lienability of a vacuum cleaning plant installed in the Lyric Theater at Jackson, Tenn., by special contract between complainant and the builders. The vacuum

cleaning plant consists of certain parts which are permanently attached to the building, and certain other parts which are loose articles, but can be attached to and detached from the parts attached to the building as the use of the plant requires. The plant consists of fifty feet of light weight hose; one fifteen-inch rug and carpet cleaner; one fifteen-inch hardwood floor cleaner; one tuft tool; one radiator tool; one wall brush; one clothes brush; one upholstery tool; one duster; four hundred and fifty handles; one hollow handle; one hose connector; one No. 30 heavy How cleaner, etc. All of these articles were necessary to the completed plant. The plant was operated by electricity which required special wiring for the purpose. It also had exhausts which the company had installed.

Counsel for defendants concedes that there would be a lien for the conduits, pipes, and wiring necessary to prepare the building for the use of a vacuum cleaner, but denies the lienability of the other articles of movable property "which might be used in connection with it."

We consider the question to have been settled in the case of *Halley* v. *Alloway*, 10 Lea, 523. In that case it was said, in substance, that the old idea as to fixtures, which was whether the thing was permanently attached and fixed in and to the freehold, has given way in cases of this kind to the nature of the thing done, the character of the house repaired, or constructed, and for which the materials were fur-

Tuec Co. v. McKnight & Merz.

nished, as well as the intention of the parties constructing the building. It is perfectly plain that a vacuum cleaner, under modern conditions, is material used in the construction of the theater. Its main parts are attached to the house, and form a part of the building. Its use is quite necessary to the proper sanitation of the house, and the proper protection of its patrons and in every reasonable sense is material used in the construction of the building. The fact that portions of the plant are loose and removable cannot affect their lienability because they are used in, and are part of, the completed plant. The court of civil appeals so held, and the writ of *certiorari* is denied. Other questions made in the petition have been considered and overruled.