### McCONNELL et al. v. FROST et al.
#### No. 1141.

Court of Civil Appeals of Texas. Waco.
Dec. 4, 1931.

Rehearing Denied Feb. 4, 1932.

Murphey W. Townsend, Geo. Sergeant, and R. G. Scurry, all of Dallas, for plaintiffs in error.

Bartlett, Thornton & Montgomery, Coker, Wilson, Rhea & Neel, Lee G. Carter, Turner, Rodgers & Winn, Henry Yeager, and J. L. Zumwalt, all of Dallas, for defendants in error.

ALEXANDER, J.

This action involves the right of various laborers and other lienholders to foreclose their respective liens on a cyclorama depicting the battle of Gettysburg, together with the building located on the State Fairgrounds of Dallas, in which the cyclorama was housed.

The Cyclorama Exposition Committee, Inc., a corporation, which will be hereafter referred to as the committee, held a concession from the State Fair of Texas for the exhibition of the cyclorama known as the "Battle of Gettysburg." It entered into a contract with E. W. McConnell, the owner of the cyclorama, by which the committee leased the cyclorama from McConnell for a term of three years, and

agreed to erect a building on the fairgrounds for the exhibition of the cyclorama. McConnell agreed to install the cyclorama at his own expense when the building was completed. The committee executed and delivered to Mahaffey & Howard, contractors, a mechanic's lien note in the sum of $20,000 for the erection of the building. S. B. Frost and sixteen others filed this suit against the committee, alleging that they had performed labor for Mahaffey & Howard in the construction of the building, and that by reason thereof they had a lien on the building. They also sued McConnell and alleged that they had performed labor in installing the cyclorama in the building, and that by reason thereof they had a lien on the cyclorama. They alleged compliance with the statute for the fixing of their lien. Other laborers and materialmen intervened in the suit, claiming similar liens for the labor and material furnished by them. Mahaffey & Howard filed a cross-action against the committee for the balance due them as contractors under the original contract, and for extra work done in the construction of the building. The Mercantile Bank & Trust Company, as the holder of the $20,000 mechanic's lien note, filed a cross-action to foreclose its lien on the building, and McConnell filed a cross-action against the committee for the rentals due him for the lease of the cyclorama, and asked for a foreclosure of his lien on the building. Roscoe Libecap, trading as Libecap Electric Company, intervened and sued both the committee and McConnell for a debt for labor and material furnished in the erection of the building and the installation of the cyclorama, and prayed for a lien on both the building and the cyclorama as against all parties. Various bondholders prayed for a lien on the building. The case was tried before the court and resulted in a judgment in favor of the various laborers against the committee for part of the claims held by them, and for foreclosure of their respective liens on the building, and in favor of said laborers against McConnell for the balance of their claims, with a foreclosure of their liens on the cyclorama. The bank and the contractors, Mahaffey & Howard, and McConnell and various materialmen and certain bondholders were given judgments against the committee with foreclosure of their liens on the building. Roscoe Libecap recovered against the committee for a part of his claim, with a foreclosure of his lien on the building, and against McConnell for the balance of his claim, with a foreclosure on the cyclorama. E. W. McConnell and Roscoe Libecap alone have appealed.

■ McConnell presents as his first proposition that the court was without jurisdiction to try the case because of the amount in controversy. The plaintiffs, Frost and others, filed their suit for their debts and to foreclose

their liens on both the building and the cyclorama, but did not allege the value of either the building or the cyclorama. Each one of the plaintiffs held a separate claim for the labor performed by him. All of their claims combined amounted to more than $2,000, but no one of said claims amounted to as much as $500. These claims, it is believed, could not be added together for the purpose of fixing jurisdiction in the district court. Pettus v. Weyel (Tex. Civ. App.) 225 S. W. 191 (writ ref.); Fridh v. Giberson & Kempff (Tex. Civ. App.) 21 S.W.(2d) 563. The building was located on leased premises, and the plaintiffs did not seek a foreclosure of their lien on the land on which the building was located. It was therefore not a suit to foreclose a lien on land within the purview of Revised Statutes, Article 1906. Smith v. Eureka Lumber Co. (Tex. Civ. App.) 149 S. W. 747.

■ However, McConnell, Mahaffey & Howard, and the Mercantile Bank & Trust Company, all defendants in the main suit, filed cross-actions, and each of them claimed an indebtedness of more than $1,000, and prayed for a foreclosure of their liens on the building. Roscoe Libecap, an intervener, filed a claim against McConnell and the committee for a debt of more than $3,000, and sought a foreclosure of his lien against all parties on both the building and the cyclorama. These claims, as presented by the cross-actions and plea of intervention, were clearly within the jurisdiction of the district court. These parties were seeking to foreclose their liens on the identical property covered by the liens asserted by the plaintiffs. Whatever may have been the status of the case at the time the suit was filed, when the defendants and interveners filed their cross-actions and pleas of intervention alleging claims within the jurisdiction of the district court, and seeking a foreclosure of their liens as against the plaintiffs and all other parties on the same property covered by plaintiffs' liens, the court acquired jurisdiction to try the whole case and to adjust the liens of the various parties on the property in question. It is sufficient that, at the time the court tried the case, there was then pending before the court a cause of action within its jurisdiction in which the parties were jointly interested. Phelps & Bigelow Windmill Co. v. Parker (Tex. Civ. App.) 30 S. W. 365; Joyce v. Hagelstein (Tex. Civ. App.) 163 S. W. 356 (writ ref.); Brunson v. Dawson State Bank (Tex. Civ. App.) 175 S. W. 438; Reese v. Carey Bros (Tex. Civ. App.) 286 S. W. 307, par. 1; 11 Tex. Jur. 755.

McConnell complains of the action of the court in awarding a personal judgment against him and in foreclosing a mechanic's lien on the cyclorama in favor of certain laborers who performed labor under employment of Mahaffey & Howard in installing the cyclorama in the building. As before stated, Mc-

Connell originally agreed with the committee that he would install the cyclorama in the building at his own expense. The committee had leased the cyclorama from McConnell, and had agreed to pay him therefor $1,000 in cash, and one installment of $2,000 on or before August 10th, and $5,000 on or before August 15th, and had agreed to pay him a per cent. of the admission fees. The committee defaulted in its payments of these installments to McConnell. The committee then entered into a new contract with McConnell, by which it agreed to furnish the labor for installing the cyclorama and to credit the cost thereof on the amounts then due by it to McConnell for rentals on the cyclorama. The court found that the committee did furnish the labor through Mahaffey & Howard for installing the cyclorama and its accessories, and awarded a judgment against McConnell in favor of such laborers, being the interveners, N. C. Cowan, J. I. Sanders, E. J. Holmes, George Dennington, Guy Griffin, and L. A. Willis, and all of the plaintiffs except Banks, for the labor so furnished by them, and foreclosed a lien on the cyclorama to secure the payment thereof.

We think the court was in error in entering a personal judgment against McConnell and in foreclosing a lien on the cyclorama for two reasons: In the first place, the committee had contracted to do the work in question for McConnell. The committee sublet this contract to Mahaffey & Howard, who employed the laborers in question. There is no finding by the court that McConnell employed any of said laborers, nor that he was due the committee anything for the labor so furnished by it through Mahaffey & Howard at the time said liens were attempted to be fixed on the cyclorama. In fact, the evidence shows that said laborers were employed by Mahaffey & Howard as contractors under the committee, and that at the time such liens were attempted to be fixed the committee was indebted to McConnell in a large sum. It is well settled that a laborer who labors for an independent contractor does not thereby create a debt against the owner who has contracted to have the work done, and that such laborer's lien is in the nature of a writ of garnishment, and impounds only so much of the contract price as is still unpaid at the time the lien is attempted to be fixed. Lonergan v. San Antonio Trust Co., 101 Tex. 63, 104 S. W. 1061, par. 6, 106 S. W. 876, 22 L. R. A. (N. S.) 364, 130 Am. St. Rep. 803; Campbell v. Teeple (Tex. Civ. App.) 273 S. W. 304, par. 2; Garvin v. Armstrong Bros. (Tex. Civ. App.) 20 S.W.(2d) 358, par. 4; Modern Plumbing Co. v. Armstrong Bros. (Tex. Com. App.) 36 S.W.(2d) 1011. Since McConnell did not employ said laborers to do said work and was not indebted to the committee in any sum for such labor at the time said laborers, as the employees of the subcontractors of the committee, install-

ed said cyclorama, said laborers were not entitled to a personal judgment against McConnell, nor to fix a lien on the cyclorama for their wages. All parties admit that this phase of the case has been fully developed, and that it would serve no useful purpose to reverse the case for further development.

In the second place, in order to entitle such laborers to a lien on the cyclorama they must have either made or repaired the cyclorama, or it must have been so constructed into the building or other permanent improvements erected by said laborers as to become a part thereof as a permanent fixture. The evidence shows that the painting or cyclorama was whole and complete at the time it was delivered at Dallas for the purpose of being installed in the building. The only labor performed on the cyclorama was that used in hanging it in the building. This neither constituted the making nor the repairing thereof. Ball v. Davis, 118 Tex. 534, 18 S.W. (2d) 1063–1067. One furnishing labor or material for the construction of a building or other improvements has a lien not only on such building, but on all fixtures that become a permanent part thereof; but he does not have a lien on articles which have not been so divested of their character as personal property by being attached to the realty so as to become a part thereof. 40 C. J. 277, § 344; Fehr Construction Co. v. Postal System of Health Building, 288 Ill. 634, 124 N. E. 315; Tuec Co. v. McKnight & Merz, 140 Tenn. 67, 203 S. W. 338.

Whether a chattel attached to permanent improvements has become a part thereof depends on the intention with which the fixture is annexed or put into position, and this intention is to be inferred from the nature of the article affixed, the relation and situation of the party making the annexation and the policy of the law in relation thereto, the structure and mode of the annexation, and the purpose or use for which the annexation is made. If from all these circumstances it appears to be the intention of the party making the annexation that it shall be permanent, or that it shall so remain annexed until it has become worn out, then it is a part of the permanent improvements; otherwise it is not. O'Neal v. Quilter, 111 Tex. 345, 234 S. W. 528; Taylor v. Lee (Tex. Civ. App.) 139 S. W. 908. In the case at bar, McConnell owned the painting, but did not own the building. The painting was a valuable piece of art and was suitable for being exhibited at different places. It had been so used in the past. McConnell contracted to remove it from the building at the end of his lease term. It was attached to the building by means of cleats, and could be removed without injury to the building or painting. It therefore was not so annexed to the building or other improvements as to become a part thereof, and was not subject to

the lien accruing to the laborers who constructed said improvements.

 The trial court found that Tom Banks, who furnished the labor for the construction of the terrain or foreground in front of the painting, and the intervener, Roscoe Libecap, who furnished the labor and material for lighting the building and illuminating the picture, were employed directly by McConnell. The court awarded a personal judgment against McConnell in favor of Banks for $50.-75 and in favor of Libecap for $1,218, and concluded that each of said parties had a lien on the cyclorama, and entered a decree foreclosing the same. McConnell insists that the award in favor of Libecap was too much, and Libecap insists that the award was not .enough. The evidence as to the amount of labor and material furnished by Libecap directly to McConnell is conflicting, and we accept the trial court's view thereof. There was no error in the judgment of the trial court in awarding personal judgments against McConnell in favor of Banks and Libecap. The court was in error, however, in holding that these parties had a lien on the cyclorama, and in foreclosing said liens, for the reason that said cyclorama never lost its identity as personal property nor became a part of the improvements as herein before stated, and was neither made nor repaired by said parties.

[ Roscoe Libecap, in addition to furnishing labor and material for installing electrical equipment for McConnell, also furnished the labor and material for installing certain electrical equipment in the building for the committee. The trial court rendered judgment in his favor against the committee for the sum of $2,757.92, and foreclosed a lien on the building for the payment of the same, but made said lien a fourth lien on the building, inferior to the lien in favor of Mahaffey & Howard, the contractors, and their assignees, Mercantile Bank & Trust Company of Texas, and also inferior to the lien in favor of the laborers and materialmen who labored under and furnished material to said contractors in constructing the building. The court properly rendered the judgment in favor of Libecap against the committee for the above amount, and foreclosed a lien on the building to secure the payment of the same, but erred in making the same a fourth lien on the building. All mechanic's liens on the same property and arising out of the erection of the same building or improvement, when timely fixed, stand on an equality, and should be foreclosed accordingly. Rev. St. art. 5468; 40 C. J. 282, sec. 354; Oriental Hotel Co. v. Griffiths, 88 Tex. 574, 33 S. W. 652, 30 L. R. A. 765, 53 Am. St. Rep. 790; Baumgarten v. Mauer (Tex. Civ. App.) 60 S. W. 451; Norris' Appeal, 30 Pa. 122; Haxtun Steam Heating Co. v. Gordon, 2 N. D. 246, 50 N. W. 708, 33 Am. St. Rep. 776; and Kastner v. Security Savings & Loan Ass'n, 123 Kan. 632, 256 P. 989. The committee originally contracted with Mahaffey & Howard to erect the building. This contract did not include the electrical equipment for the building. Libecap installed this equipment under an implied contract with the committee as the owner of the building. The labor and material furnished by Libecap for this work and the labor and material furnished by Mahaffey & Howard, the contractors, and those who furnished material to and labored under them, was used in the construction of one improvement. Claims for the same were all filed within the statutory period and are of equal dignity. The court should have declared the lien in favor of Libecap a first lien against the building, and should have made the same of equal dignity as that in favor of those who labored and furnished material under Mahaffey & Howard.

The judgment of the trial court in favor of Arthur Strench, N. C. Cowan, Robert Scott, J. I. Sanders, E. J. Holmes, Jim Cardwell, George Dennington, J. E. Anderson, Guy Griffin, Oscar Pierce, J. C. Brown, W. M. Thompson, L. A. Willis, and Burt Robinson against McConnell for their debts, with foreclosure of their liens on the cyclorama, is reversed, and judgment is here rendered that said parties recover nothing against the said McConnell, and they are denied a foreclosure against the cyclorama. The personal judgments in favor of Tom Banks and Roscoe Libecap against McConnell for their debts are affirmed, but said parties are denied a foreclosure of their liens on the cyclorama. The judgment in favor of Roscoe Libecap against the committee, with foreclosure of lien on the building, is affirmed, except that said lien is here declared to be a. first lien on said building of equal dignity as that awarded by the trial court in favor of the other parties. who were awarded a first lien on the building. The judgment of the trial court in all other respects is affirmed.