## SOULE & PAGE v. DAWES et al.

Where the owner of a lot contracted for the erection of a house thereon, and agreed to pay certain sums of money, as the work progressed, and, on its completion, to convey a certain other lot, for which purpose R releases a mortgage on the lot, and during the work, the owner of the lot on which the building was being erected, mortgaged it to R, and subsequently, on its completion, by agreement with the builders, gave his note for ten thousand dollars, instead of the lot he was to convey; and the builders filed a notice of lien, and assigned note and lien to plaintiff : *Held*, that so much of the claim as represented the value of the lot which was to have been conveyed, must be postponed to the mortgage.

The lien of the contractor, if filed in time, takes effect, by relation, from the date of the commencement of the work, and all persons who deal with the property during the work are charged with notice of the claim of the contractor. But if a party informs himself of the nature of the contract between the owner and builder, and takes a conveyance of the property, subject to it, no subsequent change of the terms of the contract can create an incumbrance which will have priority of his conveyance.

APPEAL from the Superior Court of the City of San Francisco.

Howard & Wilber contracted with defendant, Dawes, to erect a building on a certain lot owned by him, in San Francisco county. Dawes agreed to pay to the contractors certain sums of money during the progress of the building, and at its completion to convey to them a certain other lot of land, described in the contract.

Defendant Ritter, at the solicitation of the contractors, and to enable Dawes to comply with his contract for the conveyance of the lot, discharged a mortgage which he held against it, except as to ten thousand dollars which he held as security for that amount of money loaned to Howard & Wilber.

The building was commenced on the eighth of November, one thousand eight hundred and fifty-four, and completed on the twenty-first of February, one thousand eight hundred and fifty-five. On the eighteenth of December, one thousand eight hundred and fifty-four, Dawes mortgaged the lot on which the building was erected, to Ritter, for twenty-seven thousand dollars. After the execution of Ritter's mortgage, and about the time the building was completed, the contractors and Dawes, by a verbal agreement, waived the terms of the contract, and in lieu of a portion of the lot which he was to convey to them, gave his notes for ten thousand dollars, and in April, one thousand eight hundred and fifty-five, the contractors filed a notice of a mechanics' lien on the building and lot, to secure the payment of these notes.

The notes and liens were, afterwards, for valuable consideration, endorsed and assigned to plaintiffs, who in this action seek to enforce the lien against the premises.

Plaintiffs had a decree for the enforcement of their lien, and defendants appealed therefrom.

*J. B. Hart* for Appellants.

*Edwards & English* for Respondents.

TERRY, J., after stating the facts in the case, delivered the opinion of the Court—MURRAY, C. J., and BURNETT, J., concurring.

By our statute, the lien of mechanics may be recorded within sixty days after the completion of the building, and by relation, the lien attaches from the date of the commencement of the work. All persons who deal with the property during the progress of the work are charged with notice of the claim of the contractor.

But if, after informing himself of the nature and amount of the contractor's claim, he takes a conveyance of the property, subject to it, I know of no rule of law, and certainly no principle of equity, which enable the parties, by a subsequent contract, or by an alteration in the existing contract, to deprive him of the benefit of his purchase by creating an incumbrance on the property which was not contemplated in the original contract.

In this case, Ritter took a mortgage on the property with a knowledge of the terms of the original contract between Dawes and Howard and Wilber, and subject to the lien of the contract-

ors.   But any claim of the contractors, under a subsequent agreement with Dawes, without the knowledge or consent of Ritter, must be postponed to his mortgage.

Judgment reversed.     :   •