*W. Morrow*, *R. M. Goodwin* and *W. H. Hay*, for appellee.

———————————————————

FLEMING *v.* BUMGARNER and Others.

MECHANIC'S LIEN.—By the act of *March* 11, 1867, (Acts 1867, p. 98,) the lien of a mechanic, or material man, for work done or material furnished, relates to the time when the work commenced, or the materials began to be furnished, so as to take priority over a subsequent conveyance or lien.

APPEAL from the *Warren* Common Pleas.

GREGORY, C. J.—Complaint by the appellees, *Sutton* and *Fleming*, to enforce a mechanic's lien. Notices were filed in the recorder's office, on the 24th of *August*, 1867. The work was done in *May* and *June* of that year, under a contract with *Sutton*, who was erecting the house on which the liens are sought to be enforced.

*Fleming* answered that *Sutton* purchased the lots on which the house was erected from one *Purviance;* paid a part of the purchase money, and took a title bond, conditioned for a deed upon full payment; that after the purchase, *Sutton* built the house upon the lots, and finding himself unable to pay for the property, sold and assigned his interest therein, and in the title bond, to the appellant, absolutely and unconditionally, and received full payment; that he, *Fleming*, then paid *Purviance* the balance of the purchase money, and received from him an absolute conveyance of the property, and put the deed upon record; that all this occurred

thirty days before the filing of the notices of the liens of the plaintiffs. A demurrer was sustained to the answer, and this presents the only question in the case.

Under the act of *June* 18, 1852, this court, in *Milikin et al.* v. *Armstrong et al.*, 17 Ind. 456, held that the lien of a mechanic, for work done or materials furnished in the construction of a house, only took effect from the time of filing his notice in the recorder's office.

By the act of *March* 11, 1867, the act of 1852 is so amended as to provide that "the liens so created shall relate to the time when the work upon said building or repairs began, and to the time when the person furnishing materials began to furnish the same, and shall have priority over all liens suffered or created thereafter, except other mechanics' and material men's liens, over which there shall be no such priority." Acts 1867, p. 98.

It is contended that the liens do not take priority over the subsequent conveyance, but that, by the terms of the law, the priority is confined to subsequent liens, and does not embrace conveyances. We think otherwise. A fair construction of the law is, that the lien of a mechanic or material man relates to the time when the work commenced, or the materials began to be furnished, as to subsequent conveyances as well as to other liens. *Fleming* took his conveyance subject to the liens of the appellees. The court below committed no error in sustaining the demurrer to the answer.

The judgment is affirmed, with costs.

*J. H. Brown*, for appellant.

*B. F. Gregory* and *J. Harper*, for appellees.