# Birmingham Building & Loan Association *v.* Boggs.

### *Statutory Action of Ejectment.*

1. *Mechanics' and material-men's lien; superiority as to lien of mortgage.*—Where materials are furnished and used in the construction of a building upon lots supposed to be owned by the person contracting for the erection of such building, but to which in fact he had no title or interest, and before the completion of the work such person procures a loan for the purchase of said lots, and upon the execution of a mortgage upon said lots to secure said loan, and a delivery of the purchase money to the vendor by the mortgagee, a deed conveying said lots is delivered to the person who contracted for the erection of said building, the lien of such mortgage is superior to the material-man's lien for materials that may have been furnished for such building both prior and subsequent to the execution of the deed ; since the execution of the mortgage and the deed constituted but one transaction, and the person contracting for the erection of the building not having title to the lands, the lien for the materials did not attach when they were placed upon the lots, but when the deed to them was obtained, and at that time the lien of the mortgage had attached as a prior lien.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES J. BANKS.

The facts of the case are sufficiently stated in the opinion.

SMYER & SMYER, for appellant.—It is settled law that a mortgage given to a vendor of land by the vendee, or to a third person by the vendee, to secure the purchase money for the land, or to secure money procured from a third person to pay the purchase money for the land, at the time of the execution of the deed, the exe-

cution of the deed and mortgage is part of one and the same transaction, and passes the legal title to the mortgagee, and no lien can be held to be prior to the mortgage.—*McRae v. Newman*, 58 Ala. 535 ; *Bolman v. Lohman*, 74 Ala. 507 ; *Pettus v. McKinney*, 74 Ala. 114 ; *Boynton v. Sawyer*, 35 Ala. 497 ; *Guy v. Carriere*, 5 Cal. 511 ; *Wing v. Carr*, 86 Ill. 347 ; *Hayes v. Fessenden*, 106 Mass. 228 ; *Hilton v. Merrill*, 106 Mass. 528 ; *Clark v. Butler*, 32 N. J. Eq. 664 ; *Virgin v. Brubaker*, 4 Nev. 31.

A mechanic's lien may be created on a tract of land when the employer has but a bond for title, but if the land is afterwards conveyed to the employer, and at the time the employer got the conveyance he gave the mortgage on the land to a third person to secure money to pay the purchase money, the mechanic's lien will not have priority over such mortgage, because the covenantee would have but the instantaneous seizin of the land, and the title would pass immediately to the mortgagee.— *Thaxter v. Williams*, 14 Pick. 49 ; *Charleston Lum. Co. v. Brockmeyer*, 18 W. Va. 586 ; *Campbell's Appeal*, 36 Pa. St. 247.

J. H. MILLER, *contra*.—In determining priority of liens, the lien of a material-man attaches when he begins to carry out his contract. With a material-man, his lien begins when he carries out his contract by placing the lumber on the ground. This construction was given to section 3442 of the Code of 1876, which uses substantially the language of the law under which this lien was adjudged.—Code of 1886, § 3019 ; *Welch v. Porter*, 63 Ala. 231 ; Phillips on Mechanics' Liens, §§ 216-219 ; 15 Amer. & Eng. Encyc. of Law, 80 ; 2 Jones on Liens, §§ 1470, 1481.

COLEMAN, J.—The action is ejectment, and the appellee Boggs, who was plaintiff, relies upon a title derived from the enforcement of the mechanic's lien, and the appellant claims title through a mortgage foreclosure, and the question involves the priority of liens. The meritorious facts may be substantially stated as follows : One Garrison, the owner, entered into an agreement with one Westbrook to erect for him a dwelling upon lots numbered 6 and 7. In pursuance of the agreement Westbrook, who had contracted to furnish

the material, purchased from the Hawkins Lumber Co. certain material and began the construction of the building. During the progress of the work, Garrison ascertained that he had mistaken the location of his lots 6 and 7, and that the improvements were being made upon lots 8 and 9, to which lots he had no title and in which he owned no interest. He was a mere trespasser upon these lots. He immediately suspended work, and it appears that Westbrook never afterwards performed any other services, or procured any additional material. One Thweatt, a resident citizen of Talladega, a distant county, owned lots 8 and 9, and Garrison began arrangements for the purchase of these lots from the owner. Not having the money to pay for them, he applied to the Birmingham Building and Loan Association for a loan, which association agreed to advance him a sufficient amount. The agreement upon which the money was advanced or loaned, seems to have been as follows: Thweatt executed a deed to Garrison which was not to be delivered until the purchase money was paid, and for this purpose the deed was sent by express to Birmingham. Garrison executed a mortgage upon the lots 8 and 9 to the Building and Loan Association, and upon the execution of the mortgage by Garrison, the loan company paid over the money to Thweatt and received the deed from the express company, and delivered it to Garrison. After completing the purchase of the lots 8 and 9 upon the terms stated, Garrison proceeded with the construction of the improvements, and for this purpose procured additional materials from the Hawkins Lumber Company. The materials not having been paid for, the Hawkins Lumber Company instituted legal proceedings to enforce a material-man's lien, which resulted in a judgment and sale of the premises, at which sale Boggs, the appellee, became the purchaser. The Building & Loan Association was not a party to the legal proceedings for the enforcement of the lien for materials, and on the day of sale at which Boggs became purchaser, gave notice of its claim. The mortgage debt not being paid, it was foreclosed and the appellant, by virtue of a power contained in the mortgage, purchased the property and entered into possession. Boggs instituted ejectment, and under the instructions of the court, the jury returned a verdict for the plaintiff.

In considering the question, we regard the transaction between Garrison and Thweatt and the loan company for the purchase of lots 8 and 9 as contemporaneous and constituting but one transaction. Appellee insists that under the rule declared in some of our decisions, the material lien attached as soon as the lumber was placed upon the lots. However correct a principle this may be when applied to the facts of the cases in which it was asserted, it was not intended to declare that the lien attached to lots not owned by the contracting party, and that a lien could be created by a mere trespass upon another's property. It is evident that at no time, in law, did Garrison own lots 8 and 9 before it was subject to the mortgage. Whatever rights Garrison may have acquired by the purchase, related back in favor of the material lien, but no others, and, as we have seen, these rights were subject to appellant's mortgage. The court erred in assuming and declaring as matter of law, the material lien attached to lots 8 and 9 from the date the lumber was placed upon these lots.

Whether the appellee Boggs is entitled to any equitable relief under the rule declared in the case of *Wimberly v. Mayberry*, 94 Ala. 240, cannot be considered, as in the present action we can only deal with the legal title.

We are of opinion the decision of the question considered is sufficient to guide the trial court on the next hearing.

Reversed and remanded.