# Martin v. Clarke, *et al.*

## Bill to Enforce Mechanic's Lien.

(Decided April 7, 1908.   46 South. 232.)

*Mechanic's Lien: Priority.*—One who purchases real estate in fee without notice, actual or constructive, of an unfiled mechanic's lien, takes the real estate free from such mechanic's lien; such person not being within either class over whom a mechanic's lien is given priority by section 2724, Code 1896.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by J. N. Martin against Charles Clarke, et al., to enforce a vendor's lien. From a decree dismissing the bill complainant appeals. Affirmed.

WASHINGTON & PARRISH, for appellant. The lien attaches from the commencing of the building or improvement and notice is unnecessary.—*Welch v. Porter,* 63 Ala. 225; *Young v. Stoutz,* 74 Ala. 573 ;*Warden v. Sabins,* 12 Pac. 520; *Fleming v. Baumgartner,* 29 Ind. 424; *Kellenberger v. Boyer,* 37 Ind. 88; *Burr v. Maultsby,* 99 N. C. 263; *Clarke v. Moore,* 64 Ill. 280. The statutory requirements for the enforcement of such lien were substantially complied with.—*Alabama Fair v. Alabama Gas Co.,* 131 Ala. 262; *Garrison v. Hawkins,* 111 Ala. 308; *Green v. Robinson,* 110 Ala. 503.

WARD & WARD, for appellee. Notice is the very essence of the equity of the bill.—Sec. 2724, Code 1896; *Bank of Luverne v. Birm. Fert. Co.,* 143 Ala. 153; *Hightower v. Riggsby,* 56 Ala. 127; *Hanchey v. Hurley,* 129 Ala. 306. The statements or affidavits must affirm that the sum claimed is the amount due.—131 Ala. 262; 139 Ala. 250; 110 Ala. 503; 104 Ala. 584. Mechanics' liens are dependent upon a strict compliance with the statute from which they derive their existence in all matters of substance.—87 Ala. 458; 104 Ala. 584; 112 Ala. 582.

DOWDELL, J.—The bill in this case has for its purpose the enforcement of a mechanics' lien upon the house and lot described. As shown by the bill, the status of the respondent the City Loan & Banking Company, a corporation, is that of a purchaser and absolute owner of the property. The contract for the repairs on the building was made by the complainant, J. N. Martin, with the respondent Charles Clark, who was the grantor of the City Loan & Banking Company. The contract for the repairs is alleged to have been made prior to the sale and conveyance by Clark to the banking company, but the statement for the purpose of claiming a mechanics'

[Martin v. Clarke, et al.]

lien under the statute was not filed in the office of the probate judge until after such sale and conveyance. It is not averred in the bill when the material was furnished and the work done, though it is alleged that "said indebtedness accrued on or about the 24th day of July, 1906."

It is not pretended that the City Loan & Banking Company, as purchaser, had any notice of the complainant's claim; the contention of the complainant being that he was given a priority under the statute either with or without notice on the part of the City Loan & Banking Company. The statute (section 2724 of the Code of 1896) in reference to mechanics' liens provides: "Such lien, as to the land, shall have priority over all other liens, mortgages, or incumbrances created subsequently to the commencement of the work on the building or improvement; and, as to the building or improvement, it shall have priority over all other liens, mortgages, or incumbrances, whether existing at the time of the commencement of such work, or subsequently created," etc. A purchaser, taking as absolute owner of fee, is clearly not included within either class mentioned in the statute. He is neither lienor, mortgagee, nor incumbrancer, but the absolute owner; and if he purchases without notice, actual or constructive, the statute gives no priority as against him. To hold otherwise would be to ingraft upon the statute a provision not within its terms. Our conclusion is that the bill is without equity as to the City Loan & Banking Company, and no error was committed by the chancellor in sustaining the motion to dismiss for want of equity.

Affirmed.

Tyson, C. J., and Anderson and McClellan, JJ., concur.