(88 South. 654)

## POOL v. MENEFEE.
## THOMPSON v. SAME.
### (2 Div. 757, 757A.)
(Supreme Court of Alabama. April 21, 1921.)

**1. Equity ⬳148(6)—Suit to rescind contracts and cancel evidences thereof held not multifarious.**

Where contracts for the sale of land and personal property on the land arose out of a single transaction, and the written contracts bore the same date, and the deed to the land was executed the following day, and the bill of sale of the personalty a few days later, a bill to cancel the contracts, deed, and bill of sale and rescind the contracts was not multifarious.

**2. Cancellation of instruments ⬳35(3)—In suit to cancel contracts and conveyances, party to whom buyer conveyed held proper party.**

In a suit to rescind the sale of land and personal property and cancel the written conveyances and contracts, one to whom the buyer conveyed was a proper, if not a necessary, party, where the bill alleged that the contracts were induced by the combined fraudulent efforts of the buyer and such grantee.

**3. Equity ⬳222—Failure to number paragraphs is not ground for demurrer.**

The failure to number the paragraphs of a bill in equity as required by chancery rule 8 (Code 1907, p. 1531) is not a ground for demurrer.

**4. Equity ⬳129—Bill should be paragraphed.**

A bill in equity should be paragraphed as required by chancery rule 8.

**5. Equity ⬳152—Exhibit may aid imperfect bill.**

An exhibit may, in proper circumstances, aid an imperfect bill.

**6. Equity ⬳152—Exhibit amplifies bill when not contradictory thereof.**

An exhibit to a bill as a part of it, when not contradicted by the averments of the bill, serves to amplify the bill as if written in its body.

**7. Cancellation of instruments ⬳37(3)—Instrument should be set out or exhibited with bill.**

In a suit to cancel contracts and conveyances for fraud, the instruments in question should be either set out in the bill or appropriately exhibited therewith; care being exercised to avoid the implication or inference that matters of fact or circumstances implied, recited, or affirmed therein have the effect of averments.

<hr>

**8. Equity ⬅152—Exhibit held not to be given effect as contradicting bill.**

In a suit to rescind the sale of land and personal property and cancel the contracts and conveyances, a contract exhibited as a part of the bill *held* not to be given the effect of contradicting or qualifying the allegations of the bill, but only to be regarded as made an exhibit to bring it before the court.

**9. Deeds ⬅70(7)—Conveyance by one mentally weak set aside when obtained by unfair advantage.**

A conveyance of lands obtained for a grossly inadequate consideration by unfair advantage taken of great mental weakness, though not amounting to absolute incapacity of the grantor, will in equity be set aside on equitable terms when application therefor is seasonably made by the grantor, his representatives or heirs.

**10. Exchange of property ⬅3(1)—Representations as to value held representations of fact, and not matters of opinion.**

Representations by a buyer of land and personal property to be paid for by the conveyance of other property as to the value of his property were representations of fact, and not mere matters of opinion, where to his knowledge the other party was ignorant of its value and relied on his representations.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Bill by A. B. Menefee against B. F. Pool and another to rescind certain contracts and to cancel the evidences thereof. From a decree overruling demurrers to the bill, respondents separately appeal. Affirmed.

William Cunninghame, of Linden, for appellant Pool.

I. I. Canterbury, of Linden, for appellant Thompson.

(The briefs are consolidated for the sake of convenience.)

The bill was demurrable, because not properly. paragraphed. Rule 8, Chancery Practice; 173 Ala. 383, 56 South. 227. The bill was multifarious. 72 Ala. 303; 200 Ala. 70, 75 South. 398; 123 Ala. 634, 26 South. 222, 82 Am. St. Rep. 149.

The bill was bad, as not sufficiently alleging fraud:

(1) Inadequacy of price. 135 Ala. 453, 33 South. 185, 93 Am. St. Rep. 35; 157 Ala. 212, 47 South. 289; 33 Ala. 149; 152 Ala. 349, 44 South. 405; 52 Fla. 113, 41 South. 901.

(2) As to representations to value. 125 U. S. 247, 8 Sup. Ct. 881, 31 L. Ed. 678; 114 Mass. 99, 19 Am. St. Rep. 315; 66 Ala. 590; 90 Ala. 150, 7 South. 467; 113 Ala. 467, 21 South. 59, 59 Am. St. Rep. 122; 188 Ala. 134, 65 South. 1015.

(3) As to rental value. 66 Ala. 590; 90 Ala. 150, 7 South. 467; 122 Ala. 124, 26 South. 124.

(4) As to mental weakness. 50 Cyc. 326; 4 R. C. L. 503, and authorities cited.

The bill was objectionable as being without equity, because of adequate remedy at law. 182 Ala. 540, 62 South. 753; 170 Ala. 362, 54 South. 172; 60 Ala. 145; 133 Ala. 504, 32 South. 126; 154 Ala. 117, 45 South. 231; 152 Ala. 435, 44 South. 551; 66 Ala. 64.

Lavender & Thompson, of Centerville, and Henry McDaniel, of Demopolis, for appellee.

Cases will not be reversed for failure to number paragraphs of bill. Sup. Ct. rule 45, 61 South. ix; 191 Ala. 476, 479, 67 South. 678; 16 Ala. App. 241, 77 South. 79; 16 Ala. App. 218, 77 South. 56.

The bill is not multifarious. Code 1907, § 3095; 18 Ala. 439; 23 Ala. 569; 66 Ala. 526; 138 Ala. 134, 35 South. 50; 190 Ala. 190, 67 South. 407, Ann. Cas. 1917A, 721; 203 Ala. 8, 81 South. 676.

The bill is not without equity.

(1) Because complainant is not in possession. 69 Ala. 555–562, 44 Am. Rep. 528; 93 Ala. 153–156, 8 South. 368, 11 L. R. A. 148, 30 Am. St. Rep. 47; 133 Ala. 430, 31 South. 982.

(2) Because complainant could sue at law on warranty or for deceit. 4 Ala. 21, 37 Am. Dec. 725; 51 Ala. 158; 126 Ala. 168, 28 South. 711, 85 Am. St. Rep. 17; 144 Ala. 410, 39 South. 227; 178 Ala. 166–168, 59 South. 470.

(3) For the reason that fraud alone gives it equity. 87 Ala. 705, 6 South. 306; 167 Ala. 534, 52 South. 737.

Gross inadequacy of consideration presumes fraud. 9 Ala. 662–686, 44 Am. Dec. 448; 94 Ala. 530, 10 South. 129; 157 Ala. 206, 47 South. 289; 191 Ala. 263, 68 South. 17.

Misrepresentation of value of property conveyed constitutes fraud and entitles injured party who relied upon same to rescission. Code 1907, §§ 2468, 2469, 4298; 140 Ala. 609, 37 South. 509; 11 Ala. 352; 87 Ala. 705, 6 South. 306; 90 Ala. 435, 8 South. 69; 130 Ala. 483, 30 South. 398; 191 Ala. 263, 68 South. 17.

McCLELLAN, J. The appellee, Menefee, filed this bill (later amended) against the appellants, B. F. Pool and B. A. Thompson. The appeal is from a decree overruling the separate demurrers of the respondents, appellants, to the bill as a whole and to parts thereof. The relief sought is rescission of contract and cancellation of written evidences of it, one for the sale of real property in this state, and the other for the sale of certain personal property, the agreed value of which was to be satisfied with other properties, and also to cancel both the deed conveying the real estate in consonance with the first-mentioned contract and the bill

of sale effecting the transfer of the personal property described in the last-mentioned contract.

[1-3] The ground upon which the relief sought through the amended bill is fraud or fraudulent misrepresentation practiced upon the complainant by the combining fraudulent efforts of the respondents to induce and to effect the consummation of the single transaction out of which these four (as it were) contracts arose. The amended bill's allegations in this regard averted any sound objection that the bill was rendered multifarious by joining therein the two matters, viz. the sale of the land and the sale of the personalty. The original contracts bear the same date, the personalty being located, it appears, on the land so involved; and the deed to the land and the bill of sale of the personalty were executed, respectively, on the next day (October 23, 1918), and on October 28, 1918. The unity of the initial transactions is sufficiently averred in the bill to preclude its being multifarious. Thompson, grantee of Pool, charged as the amended bill does charge him, was a proper, if not a necessary, party. The failure to observe rule 8 of chancery practice (Civil Code, p. 1531), in respect of numbering the paragraphs of the bill, is not a subject of demurrer, the omission being of a required and very desirable formality, not related, however, to the substance of the bill. McKenzie v. Baldridge, 49 Ala. 564, and U. S. Fidelity Co. v. Pittman, 183 Ala. 602, 606, 62 South. 784, afford satisfactory analogies, inviting the conclusion stated. Grubbs v. Hawes, 173 Ala. 383, 56 South. 227, affirms nothing to the contrary.

We will state, somewhat summarily, the allegations of the bill, etc.

In October, 1918, the complainant (appellee) was the owner of the plantation described in the bill and exhibits and of personalty thereon, also described in the bill and exhibits. It is averred in the bill that on September 30, 1918, complainant was taken seriously ill in Nashville, Tenn., and endured a temperature of from 100 to 104 degrees until about October 15, 1918; that "within a few days thereafter respondents, knowing complainant's weakened mental condition and well knowing that complainant was not in a normal mental condition, procured his signature" to the contracts described above; and that "within a day or two thereafter the said contracts were consummated" by the complainant's execution of the deed and bill of sale mentioned above. It is further averred that at the time all of these instruments were executed by complainant he was in "a very greatly weakened physical and mental condition, and was not mentally able to realize and appreciate the value of property he was conveying, nor to judge the value of the property given him as a pretended consideration for said property, and this the respondent well knew and purposed to take advantage of complainant's condition to obtain his certain property for a grossly inadequate consideration. * * *" The particular fraudulent acts or representations charged in the bill are, in substance, as follows: (a) That the respondents "willfully and falsely represented" that 400 acres of land in Marengo county would be conveyed to complainant as a part of the consideration, whereas they conveyed only 320 acres and are unable or have failed to convey the balance, viz. 80 acres; (b) that respondents willfully and falsely represented the value of this land (the 400 acres) to be $12,000, whereas it was worth less than $4,000, and that respondents knew complainant had never seen this land and was ignorant of its value, and that complainant relied on and accepted as true "said false statements of the respondent Pool relative to the value of said land"; (c) that Murphreesboro, Tenn., real estate was conveyed to complainant as a part of the consideration for his plantation, that the respondents willfully and falsely represented to him that this property was "renting for some $90 to $100 per month, and that it was worth more than $16,000, with an incumbrance of $3,500," whereas, in fact, it was "not renting for any such sum," and is worth "not more than $3,000," that complainant was ignorant with respect to these representations, that these respondents knew of his ignorance in the premises, and that he "was wholly relying upon their statements relative to the same"; and (d) that the representations and facts with reference to the 86 lots situated in Tennessee mentioned in the contract for the sale of the personal property (exhibit B) are as follows:

"Complainant further avers that as a part of the consideration due him for said property was 86 lots mentioned in the contract for the sale of the personal property. The said lots were at the time the property of complainant, and the said respondent Pool had no right, title, or interest in same, but falsely pretended to complainant that they belonged to him, the said Pool, for and on account of an alleged claim of commissions due said Pool on another and different transaction. That in truth and fact complainant was due said Pool no commissions whatever at the said time, and the said recited consideration of the said 86 lots was in fact no consideration whatever. Complainant had full confidence in the said Pool on account of the fact that the said Pool had been the agent of the complainant in transactions which had but recently taken place, and, relying on the honesty and supposed reliability of said Pool, complainant made no investigation whatever as to the value of the said property hereinabove described.

"That as a result of the above set out fraud, misrepresentation, and imposition the respondents obtained from complainant the hereinabove described land, which was worth at the

time more than $30,000 over and above the incumbrance against same, and the herein described personal property, which was worth at the time more than $10,000, and received therefor the property hereinabove set out, all of which was worth less than $7,000. That the rents from said Murphreesboro property were greatly less than was represented by respondents, and were greatly less at the time said false representations were made, and the incumbrance on the land above described in Marengo county, conveyed to complainant, instead of being $1,100 represented by respondents, was $1,975."

In the amendment it is averred, in addition to the wrongful combination of respondents alluded to earlier in this opinion, that, before the filing of this bill, Pool conveyed to respondent Thompson the real and personal property in this single transaction, the conveyance and bill of sale assailed being made by complainant to Pool at the request of both respondents, and that Thompson went into possession of and claims to own all this property, so secured from complainant, and in that transaction gave respondent Pool a mortgage for, to wit, $6,000 on the real estate conveyed to Pool by complainant. In the amendment it is also averred that complainant, before he filed this bill, offered to rescind the contract and to restore the parties to the original status, which offer was refused by respondents. The complainant fully submits himself to the jurisdiction of the court. Besides general prayer for relief, complainant prays, specially, for completed rescission and restoration in the premises.

[4-7] We may observe that the bill might have been more carefully constructed. It should be paragraphed, as the rule requires. Chancery Rule 8, supra. The exhibition of the writings sought to be canceled is through their constitution as a part of the bill. The relation and effects of exhibits to bills in equity is at times quite important. An exhibit may, in proper circumstances, aid an imperfect bill. Piedmont Land Co. v. Piedmont F. & M. Co., 96 Ala. 389, 392, 11 South. 332. An exhibit to a bill, as a part of it, that is not contradicted by the averments of the bill, serves to amplify the bill as if written in its body. Minter v. Bank, 23 Ala. 762, 58 Am. Dec. 315; Conoly v. Harrell, 182 Ala. 243, 62 South. 511; Hogan v. Scott, 186 Ala. 310, 317, 65 South. 209. In such bills as this it is preferable that the instrument upon which the court's powers are invoked should be either set out in the bill or appropriately exhibited therewith (2 Black on Rescission and Cancellation, § 670), the pleader exercising care to avoid, if he would, the implication or inference that matters of fact or circumstances implied, recited, or affirmed in the writing assailed are not accorded the effect of averments—an effect that might embarrass the sound interpreta-

tion of the bill in respects that should not be left in doubt.

[8] These observations have relation to the first (a) charge of fraud, alleging a shortage of 80 acres in the 400-acre tract that was to be conveyed to complainant. The contract (Exhibit A) provided that parts of the 400-acre tract should be "transferred by agreement for conveyance" that other parties had made—a provision that is inconsistent with the allegation of the bill in that particular. In view of the object of the bill and the allegations directed to the impeachment of the exhibit for fraud practiced at a time when the complainant was in the weakened mental condition described, the indicated provision of the exhibit (A) cannot be accorded the effect of instituting a contradiction or qualification of the stated allegation of the bill as to the shortage in acreage of the 400-acre tract. Undoubtedly the effect of the constitution of this exhibit (A) as "a part of the bill" was simply to bring before the court the instrument sought to be annulled, and not to interpose that writing as a means of supplying or amplifying allegations of the bill.

[9] The doctrine to be reproduced in its own succinct form from Walling v. Thomas, 133 Ala. 426, 430, 31 South. 982, 983, Sharpe, J., writing, supports the equity of this bill. It was there said:

"A conveyance of lands obtained for a grossly inadequate consideration by unfair advantage taken of great mental weakness, though not amounting to absolute incapacity, of the grantor, will in equity be set aside on equitable terms when application therefor is made seasonably by the grantor, his representatives or heirs."

See Cleere v. Cleere, 82 Ala. 581, 589, 3 South. 107, 60 Am. Rep. 750; Lester v. Mahan, 25 Ala. 445, 60 Am. Dec. 530.

The doctrine enjoys general acceptance. 9 C. J. pp. 1176–1178, 1238, § 168. As the statement indicates, the remedy at law could not be adequate; and hence an independent equity exists in such circumstances to avoid a merely voidable contract under the guidance of equitable principles that in this instance would include the restoration of the properties the complainant received in the bargain. Had the contract been absolutely void, the authorities relied upon by appellants would be applicable and influential.

[10] Under the already stated facts and circumstances averred in the bill, the false representations as to the value were not mere matters of opinion. According to the applicable authority of Tillis v. Smith Lumber Co., 188 Ala. 122, 132, 134, 65 South. 1015, such representations were of fact, under circumstances of known ignorance on the part of the complainant and known reliance by him thereon as to characterize their employment, at the time alleged, with

a grave degree of fault or wrong, against the conveyances of which the complainant may be relieved. The facts, not conclusions, averred justified the court in overruling the demurrer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.