(108 So. 759)

**STATE v. ACACIA MUT. LIFE ASS'N.**
(3 Div. 740.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Appeal and error ⬯1078(1)—Assignments, not argued in brief, treated as waived.**

Assignments of error, not argued in appellant's brief, will be treated as waived.

**2. States ⬯89—Limitations upon actions by state to recover licenses or taxes held not to constitute remittance, release, postponement, or diminution of obligation due state (Const. 1901, § 100; Code 1923, § 8945, subd. 2).**

**3. Licenses ⬯8(2), Taxation ⬯573—Statute imposing limitation on actions by state to recover licenses or taxes held not in conflict with act adopting Code of 1923 (Code 1923, vol. 1, p. xxiii; Code 1923, § 12, and section 8945, subd. 2).**

Code 1923, § 12, provides that revenue laws be not incorporated in the Code and are not to be considered repealed or affected by omission therefrom, and section 3 of act adopting Code (Code 1923, vol. 1, p. xxiii) manifests same purpose; hence, Code 1923, § 8945, subd. 2, imposing limitation on actions by state to recover licenses or taxes, does not conflict with the adopting act.

---
⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Taxation ⊚⊃117—Corporation is liable for franchise tax, notwithstanding it is engaging in business ultra vires its charter power.**

A corporation which is engaged in doing character of business upon which a franchise tax is imposed becomes liable for such tax, notwithstanding such business is ultra vires its charter powers.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by the State of Alabama against the Acacia Mutual Life Association. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Reversed and remanded.

Harwell G. Davis, Atty. Gen., F. D. McArthur, Sp. Asst. Atty. Gen., and Chilton & McCoy and Steiner, Crum & Weil, all of Montgomery, for the State.

The statute of limitation set up by plea 1 violates section 100 of the Constitution and is void. Webb v. Demopolis, 95 Ala. 116, 13 So. 289, 21 L. R. A. 62; New Farley Bank v. Montgomery County, 203 Ala. 654, 84 So. 815. Said statute violates the act enacting the Code. Crane Co. v. State, 206 Ala. 393, 90 So. 871; Acts 1917, p. 352, § 238. Plea 2 was subject to demurrer. Acts 1919, p. 413.

Roger J. Whiteford, of Washington, D. C., and John V. Sees, of Huntington, Ind., and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

A statute of limitation applying to suits by the state is not in violation of section 100 of the Constitution. Code 1923, § 8945; Cox v. Board of Trustees, 161 Ala. 656, 49 So. 814; Ex parte State, 206 Ala. 393, 90 So. 871; Doe ex dem. v. Factors', etc., Ins. Co., 166 Ala. 63, 51 So. 991; Southern C. & F. Co. v. State, 133 Ala. 624, 32 So. 235; Montgomery County v. Montgomery, 195 Ala. 197, 70 So. 642; Perry County v. Railroad Co., 58 Ala. 546; Jones v. Jones, 18 Ala. 248; Galliher v. State Mut. L. I. Co., 150 Ala. 543, 43 So. 833, 124 Am. St. Rep. 83; 37 C. J. 684; 17 R. C. L. 666. Plea 2 was not subject to demurrer. Wiley Fertilizer Co. v. Carroll, 202 Ala. 335, 80 So. 417; Central Tr. Co. v. Pullman Co., 139 U. S. 24, 11 S. Ct. 478, 35 L. Ed. 55; Bankers' Trust Co. v. T. & P. R. Co., 241 U. S. 295, 36 S. Ct. 569, 60 L. Ed. 1010; 14a C. J. 324; Osborn v. Bank, 9 Wheat. 738, 6 L. Ed. 204.

MILLER, J. This is a suit by the state of Alabama against the Acacia Mutual Life Association for the recovery of delinquent franchise taxes, claimed for the years 1909 to 1918, both inclusive, under section 4557, Code of 1907, Revenue Act of 1911, pp. 163, 164, Act of 1915, p. 506, and Act of 1919; p. 413, There were ten counts in the original complaint numbered from 1 to 10, each count claiming the tax for a different year. Demurrers were sustained to each count. The plaintiff then amended the complaint by adding counts numbered from 11 to 20, both inclusive, each count claiming this franchise tax for a different year from 1909 to 1918, both inclusive. Demurrers of defendant to these counts numbered from 11 to 20 were overruled by the court. The defendant pleaded: (1) The action was barred by statute of limitations of five years; and (2) the defendant was a corporation chartered by special act of Congress, and that it had no power to engage in old line insurance business. These were the only pleas filed. Demurrers of the plaintiff to pleas 1 and 2 were each overruled by the court, whereupon plaintiff took a nonsuit on account of the adverse rulings of the court to it on the pleas, which was granted by the court, and the cause was dismissed. This appeal is prosecuted by the state from that judgment, and the adverse rulings of the court to the state on demurrers to the counts of the complaint and on demurrers to the pleas are the errors assigned.

[1] The rulings of the court sustaining demurrers to counts numbered from 1 to 10, both inclusive, are assigned as error; but they are not pressed and argued in brief of appellant—so they will be treated as waived. Ala. Mid. Rwy. Co. v. McDonald, 112 Ala. 216, head note 4, 20 So. 472; Scheuer v. Wise, 213 Ala. 329, head note 1, 104 So. 831.

[2, 3] The trial court correctly held this plea numbered 1—statute of limitations of five years—was not subject to the demurrer. This plea is under the five-year statute of limitations, section 8945, Code of 1923, subd. 2, which reads as follows:

"All actions by the state or any subdivision thereof for the recovery of amounts claimed for liens, franchise taxes, or other taxes."

This court in another case (State v. Acacia Mut. Life Ass'n, 108 So. 756[1]), in which the state was claiming statutory penalties for failure to pay the franchise taxes claimed in this suit, held this statute of limitations of five years valid, and that it did not contravene section 100 of the Constitution of Alabama, and that it is not in conflict with section 3 of the act adopting the Code (volume 1, Code of 1923, xxiii), approved August 17, 1923. So under that authority we must hold the trial court did not err in overruling demurrers of the state to plea numbered 1. State v. Acacia Mut. Life Ass'n, supra.

[4] A plea practically the same as this plea numbered 2 was held insufficient, subject to demurrer by this court in said case of State v. Acacia Mut. Life Ass'n; 'so under that authority we must hold the trial court erred in overruling the demurrer of the state to this plea numbered 2.

For the error mentioned, the judgment must be reversed and the cause remanded,

---

⊚⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 628.

so the nonsuit judgment may be set aside, the cause restored to the docket, and a judgment entered therein in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

