(115 So. 90)

GRIMSLEY v. FIRST AVE. COAL & LUMBER CO.   (6 Div. 854.)

Supreme Court of Alabama.   May 26, 1927.

Rehearing Denied Jan. 12, 1928.

1. Pleading ☞310—Exhibit attached to bill and treated as part thereof held to supplement bill on demurrer.

Copy of notice of materialman's lien, attached as exhibit to bill to enforce lien and treated as a part of the bill, *held* to aid and supplement allegations of bill on demurrer.

2. Mechanics' liens ☞271(7)—Bill to enforce materialman's lien sufficiently showed that material was furnished and debt incurred under contract with owner of property (Code 1923, § 8832).

In suit to enforce materialman's lien brought in circuit court, under Code 1923, § 8842, bill of complaint alleging sale, delivery, and use of material *held* to sufficiently show that complainant had contract with owner of property improved, and that the materials were furnished and the debt incurred by contract with owner, under section 8832, granting a mechanic's lien in such case.

3. Mechanics' liens ☞271(3)—Allegation of bill to enforce materialman's lien that property improved was specified city lots, which were "contiguous" or "adjacent," held sufficient, under statute permitting one lien to cover "contiguous" or "adjacent" city lots (Code 1923, § 8839).

In suit to enforce materialman's lien, allegation of bill of complaint that property sought to be subjected to lien was several designated lots in specified city, and that they were "contiguous or adjacent," *held* sufficient, being in the language of Code 1923, § 8839, providing that when improvement consists of separate buildings upon contiguous or adjacent lots, it is not necessary to file a separate lien for each lot; "contiguous" meaning "in actual contact, near though not in contact, neighboring, adjoining," and "adjacent" meaning "lying near, close or contiguous, neighboring, bordering on," etc.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Adjacent; Contiguous.]

**4. Mechanics' liens ⊕197—Vendor and purchaser ⊕229(5)—Lien for material is not defeated by sale of house made after work commences though before expiration of time for perfecting lien, whether sale is bona fide or not (Code 1923, §§ 8832, 8833).**

One purchasing house after the commencement of work thereon, though before the expiration of the time for perfecting materialmen's liens and before the commencement of suit to enforce the liens, takes the property subject to the materialmen's liens when they are perfected and enforced, regardless of whether the sale is bona fide or fraudulent, under Code 1923, § 8832, granting mechanics' liens, and section 8833, providing for their priority.

**5. Mechanics' liens ⊕198—That building construction was in progress held notice of materialman's lien rights to all who dealt with property (Code 1923, §§ 8832, 8833).**

In suit to enforce materialman's lien fact that construction of buildings was in progress *held* notice to all who dealt with the property or contracted to purchase it, of existence of right to materialman's lien and of fact that sales would be subject thereto, under Code 1923, § 8832, granting right to materialman's lien, and section 8833, providing for its priority.

**6. Vendor and purchaser ⊕229(5)—Doing of substantial and conspicuous thing, making it apparent to bona fide purchasers that building has commenced, is notice of materialman's lien relating to commencement of work (Code 1923, §§ 8832, 8833).**

If something is done of a substantial and conspicuous character which makes it apparent to bona fide purchasers that the construction of a building has actually commenced, it is notice of right to a materialman's lien relating back to date of commencement of work, under Code 1923, § 8832, granting right to lien, and section 8833, providing for its priority.

**7. Mechanics' liens ⊕198—Mechanic's lien has priority over incumbrances given or recorded and attaching after improvement commences (Code 1923, § 8833).**

A mechanic's lien has priority over mortgages and other incumbrances given or recorded and attaching after the building or improvement commences, under Code 1923, § 8833.

**8. Mortgages ⊕151(3)—Mechanic's lien takes precedence as against mortgages and trust deeds according to date when it attaches (Code 1923, § 8833).**

As against mortgages and trust deeds, a mechanic's lien takes precedence according to the time when it attaches to the property, under Code 1923, § 8833.

**9. Mechanics' liens ⊕198—Mortgages ⊕151(3)—Mechanic's lien is subject to incumbrance existing at accrual of lien (Code 1923, § 8833).**

An ordinary mortgage, a purchase-money mortgage, or other incumbrance existing at time of accrual of mechanic's lien has priority over mechanic's lien, under Code 1923, § 8833.

**10. Mechanics' liens ⊕168—Mechanic's lien is created and attaches when improvement commences (Code 1923, §§ 8832, 8833).**

Mechanic's lien is created and attaches at time when work on building or improvement commences, under Code 1923, § 8832, granting right to mechanics' liens, and section 8833, providing for their priority.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill to enforce a materialman's lien by the First Avenue Coal & Lumber Company against A. M. Grimsley and others. From a decree overruling a demurrer to the bill as amended, the named respondent appeals. Affirmed.

Paragraphs 3 and 4 of the bill are as follows:

"(3) That on, to wit, the 19th day of June, 1925, the complainant, First Avenue Coal & Lumber Company, entered into a contract with F. D. Rimer and P. H. Vickrey, who at that time were partners doing business as Rimer & Vickrey, for the sale and delivery to them of a lot of building material for the erection and construction of ten dwelling houses on lots 13 to 22, inclusive, all in block 4 in the survey of College Hill, as recorded in Map Book 15, page 2, in the office of the probate judge of Jefferson county, Alabama; that complainant began to furnish said building material to the said Rimer & Vickrey on said date, and continued to furnish same under said contract until, to wit, the 19th day of October, 1921, when the work on said dwellings was completed; that complainant's account for building material so furnished matured and came due on, to wit, the 19th day of November, 1925; that the said Rimer & Vickrey used said building material so furnished them in the erection and construction of said ten dwelling houses, erecting one house on each of said lots 13 to 22, inclusive; that Rimer & Vickrey are now indebted to the complainant in the sum of $6,461.73 for the said building material furnished by the complainant and used by them in the erection and construction of the said ten dwelling houses on the said ten lots; that said lots are contiguous or adjacent, and the said ten houses on said ten lots were erected under one general contract, and all of said lots are situated in the city of Birmingham, Jefferson county, Alabama; that the said sum of $6,461.73 is now due complainant by the said F. D. Rimer and the said P. H. Vickrey and unpaid, together with the interest thereon from, to wit, the 19th day of November, 1925.

"(4) Complainant further shows that on, to wit, the 11th day of March, 1926, the complainant filed a written notice of lien in the office of the probate judge of Jefferson county, Alabama, a true copy of which is hereto attached and marked Exhibit A, and made a part of this bill as if fully set out herein."

It is further alleged that subsequent to the time complainant began furnishing said material to said Rimer & Vickrey, and subsequent to the commencement of work on said ten dwelling houses, said Rimer & Vickrey

executed and delivered to the Mortgage Bond Company of New York (a party respondent) a first mortgage on each of said lots, and to respondent, Grimsley, a second mortgage on each of said lots; that, subsequent to the commencement of work on each of said buildings said Rimer & Vickrey sold certain designated lots (of the ten involved) to specified persons, taking second mortgages in each case from the purchasers, and transferring and assigning said designated second mortgages to respondent, Grimsley.

The bill prays that Rimer & Vickrey be decreed to be indebted to complainant in the amount claimed; that to secure said indebtedness complainant has a lien on said lots 13 to 22, inclusive, and upon the buildings situated on said lots; that any right, title, or interest claimed by respondents against the property is inferior or subordinate to complainant's lien; and it is prayed that complainant's lien be foreclosed and said houses and lots be sold.

Fort, Burton & Jones, of Birmingham, for appellant.

That the complainant had a contract with the owner or proprietor of the property was a necessary jurisdictional allegation, and failure in this particular rendered the bill demurrable. Code 1923, § 8832; Copeland v. Kehoe, 67 Ala. 594; Church v. Wood Lbr. Co., 205 Ala. 442, 88 So. 433; Sanitary Plumb. Co. v. Simpson, 200 Ala. 590, 76 So. 948. The alternative averment that the ten lots are. contiguous or adjacent is not the equivalent of an averment that they were contiguous. The averment that Rimer and Vickrey "sold" the several lots is tantamount to an allegation that said lots were by them conveyed by deed of grant, bargain, and sale, the grantees being purchasers, and the statutory priority of the lien does not extend to deeds. Code 1923, § 8833; National Bank v. Williams, 38 Fla. 305, 20 So. 931. A contract to furnish materials, made with one who had no title to the land, is not sufficient to establish a lien. Birmingham B. & L. Ass'n v. Boggs, 116 Ala. 587, 22 So. 852, 67 Am. St. Rep. 147.

Horace C. Wilkinson, of Birmingham, for appellee.

If the bill is defective, in failing to use the word "owner" in connection with the making of the contract, the omission is supplied by Exhibit A, made a part of the bill. Pool v. Menefee, 205 Ala. 531, 88 So. 654; Clements v. Clements, 200 Ala. 529, 76 So. 855. The averment that the several lots were contiguous or adjacent is in the language of the statute. Code 1923, § 8862. A sale of the property while the work was in progress, and during the period within which a lien may be filed, was notice to all the world of the existence of the claim of the materialman. Rockel on Mechanics' Liens, § 150.

217 ALA.—11

THOMAS, J. The appeal is from a decree overruling demurrer to the bill as last amended. The bill was filed to enforce a materialman's lien. Sections 8832, 8842, Code of 1923.

[1, 2] The bill and its exhibit, with the usual leave of reference, constitute the pleading of complainant, and demurrer directed thereto will be so referred and tested. The exhibit attached to the bill when treated as a part thereof on demurrer in proper circumstances aids and supplements the bill. Hogan v. Scott, 186 Ala. 310, 65 So. 209; Clements v. Clements, 200 Ala. 529, 76 So. 855; Pool v. Menefee, 205 Ala. 531, 88 So. 654; Piedmont Co. v. Piedmont Foundry & Mach. Co., 96 Ala. 389, 11 So. 332; Conoly v. Harrell, 182 Ala. 243, 62 So. 511; Minter v. Branch Bank at Mobile, 23 Ala. 762, 58 Am. Dec. 315. The pleading when so considered together shows the complainant had a contract with, and that the materials were furnished to and debt incurred by contract with, the owner or proprietor of the property improved therewith (section 8832, Code), and the bill was not subject to the grounds of demurrer directed to this phase of that pleading (Birmingham Building & Loan Ass'n v. Boggs, 116 Ala. 587, 22 So. 852, 67 Am. St. Rep. 147).

[3] The averment that the lien is sought to be enforced upon the several lots specifically indicated as being in a city, town, or village, indicated and described as "contiguous or adjacent," is in the language of the statute and is sufficient. Section 8839, Code 1923. Contiguous means "in actual contact"; also, "near, though not in contact; neighboring; adjoining." Adjacent means "lying near, close, or contiguous; neighboring; bordering on," etc. Webster's New Int. Dict., p. 486, Latest Authentic Edition. Here no contradiction or repugnance or uncertainty in said pleading that is subject to grounds of demurrer directed thereto is presented.

[4] Appellant challenges the bill as to the averment that the owner and proprietor of the lots improved, "sold," or "conveyed" specific lots subsequent to the commencement of the work on said building or improvement, and there is no unequivocal averment that such purchaser had notice of the existence of the lien. It cannot be said that one may purchase a newly constructed house before the time provided for the perfecting of the material and mechanics' liens thereon had expired, and defeat the purpose of the statute. It is immaterial whether such a sale was bona fide or fraudulent, the property is subject to the lien when perfected and enforced as provided by the statute.

[5, 6] And the fact that the work was in progress is notice to all who dealt with said property or contracted therefor with its owner that the right under the statute exists, and sales or conveyances made within the time prescribed by the statute would be subject to

the right. The declared priorities of section 8833 of the Code have not the effect of permitting a sale or conveyance by deed within the period of the statute that would defeat the mechanics' and materialmen's liens given by section 8832 of the Code. If something is done of a substantial and conspicuous character to make it apparent to bona fide purchasers that the building has actually commenced (Le Grand v. Hubbard [Ala. Sup.] 112 So. 826; [1] Welch v. Porter, 63 Ala. 231; Jackson v. Farley, 212 Ala. 594, 103 So. 882; 40 C. J. 292) that is notice relating to commencement of the work.

In Rockel on Mechanics' Liens, at page 393, § 150, it is said:

"The fact that the work is in progress (Soule v. Dawes, 7 Cal. 575; Austin v. Wohler, 5 Ill. App. 300) is a notice to all of the rights of the mechanic, and all conveyances made during that time are made subject to the mechanic's rights (White v. Chaffin, 32 Ark. 59; Fleming v. Bumgarner, 29 Ind. 424; D. L. Billings Co. v. Brand, 187 Mass. 417, 73 N. E. 637; Dodge v. Hall, 168 Mass. 435, 47 N. E. 110; Hammond v. Darlington, 109 Mo. App. 333, 84 S. W. 446; Bates Mach. Co. v. Trenton, etc., R. Co., 70 N. J. Law, 684, 58 A. 935 [103 Am. St. Rep. 811]; Gordon v. Torrey, 15 N. J. Eq. 112, 82 Am. Dec. 273; Sinclair v. Fitch, 3 E. D. Smith [N. Y.] 677). It is immaterial whether the sale was fraudulent (Jefferson v. Hopson Bros., 84 S. W. 540, 27 Ky. Law Rep. 140), or bona fide the property is subject to the lien that may thereafter be perfected within the time limited by statute (Reynolds v. Manhattan Trust Co., 83 F. 593, 27 C. C. A. 620)."

[7-9] In this jurisdiction it is declared that the mechanic's lien attaches and has priority over mortgages and other incumbrances given or recorded and attaching after the building or improvement was commenced. Jackson v. Farley, 212 Ala. 594, 103 So. 882; First Ave. Coal & Lumber Co. v. King, 193 Ala. 438, 69 So. 549; Welch v. Porter, 63 Ala. 225. And it is established that as against mortgages and trust deeds a mechanic's lien takes precedence according to the time when it attached to the property in its improvement. Leftwich Lumber Co. v. Florence Mutual Building, Loan & Savings Ass'n, 104 Ala. 584, 18 So. 48; Welch v. Porter, 63 Ala. 225; Montandon & Co. v. Deas, 14 Ala. 33, 48 Am. Dec. 84. And that when the property is subject to a mortgage or other incumbrance at the time of the accrual of a mechanic's lien, such incumbrance retains its priority. Wimberly v. Mayberry, 94 Ala. 240, 10 So. 157, 14 L. R. A. 305. So of purchase-money mortgages. Birmingham Building & Loan Ass'n v. Boggs, 116 Ala. 587, 22 So. 852, 67 Am. St. Rep. 147.

And in Hanchey v. Hurley, 129 Ala. 306, 311, 30 So. 742, the majority held the mechanic's lien was superior to the mortgagee whose mortgage was in existence at the time of the repairs, but who foreclosed and became the purchaser at foreclosure sale after the materialman's lien had been perfected, etc.

In Montandon & Co. v. Deas, 14 Ala. 33, 44 (48 Am. Dec. 84), Mr. Justice Chilton said (a suit to enforce a builder's lien, Clays' Digest, 375):

"The terms of the contract for the erection of the building must be reduced to writing and recorded. The building of the house is an act open and notorious, and the lien is perfected upon the completion of the work, and recording of the contract. These, in the absence of a particular description of the land in the contract, are sufficient to put a prudent man upon inquiry into the existence of the lien, and to charge him without notice, more especially if, subsequent to the registration of the contract and the completion of the building, he take an assignment. It is obvious that the statute designed the erection of the building to operate as notice, from the fact that the contract is not required to be recorded until within 30 days after the erection of the same. So that the argument deduced from inconvenience of want of notice, and surprise, is not well founded."

And in Le Grand v. Hubbard (Ala. Sup.) 112 So. 826,[1] it is declared that the commencement of work upon the improvement is "a matter open to the observation of all, is fixed as the event and the time, *when third persons are charged with notice* that, on compliance with the terms of the statute, liens will accrue against the building in favor of those whose labor and material bring it into being."

In Young & Co. v. Stoutz & Co., 74 Ala. 574, an attachment lien subsequent to the accrual of a mechanic's lien is postponed thereto upon a due perfection of the lien, even though the lien is not perfected until after the attachment was levied.

The text of 18 R. C. L. 960, § 100, is that a mechanic's lienholder is not a purchaser within the meaning of a statute which requires registration of incumbrances in order to be valid as against a purchaser for value. And on page 967, § 109, the same author says:

"When the lien statutes recognize the right to a lien *from the date of the contract* or the *time of the commencement of the building or the other improvement, or from the beginning of the performance of the labor or the furnishing of material* for which the lien is claimed, *a lien which has thus attached is not affected by a change of ownership* during the progress of the work. In such a case a purchaser is chargeable with notice that a lien might attach to the property for the improvements." (Italics supplied.) 33 Am. St. Rep. 385; 56 Am. St. Rep. 304; 82 Am. St. Rep. 488.

[10] In this jurisdiction the lien attaches and is created at the time the work on the building or improvement commences. Sections 8832, 8833, Code of 1923; Welch v. Porter, 63 Ala. 225; Lavergne v. Evans Bros.

Co., 166 Ala. 289, 52 So. 318; Le Grand v. Hubbard (Ala. Sup.) 112 So. 826; [1] Jackson v. Farley, 212 Ala. 594, 103 So. 882. It follows that after a mechanic's lien has attached, it is not defeated by a subsequent sale or conveyance of the property, provided the lienor perfects his lien in accordance with the requirements of law (40 C. J. 336, §§ 448, 449), and it is immaterial that the conveyance was executed before suit is brought to enforce the perfected lien.

The judgment of the circuit court is free from error, and is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

### On Rehearing.

THOMAS, J. In the former argument of respective counsel, the general lien law was treated as of application. Code, § 8832 et seq. And in the mechanic's lien chapter it is expressly declared:

"All local or special laws in conflict with this article are expressly repealed." Section 8862 (4784), Code of 1923.

Such is the legislative intent, specifically declared as to its effect on Acts 1901, p. 581, notwithstanding the saving provisions of Acts 1923, p. 127, § 3, or notwithstanding the general terms of the act adopting the Code, and as affecting section 10, Code of 1907 (section 12, Code of 1923). It is a question of legislative intent for uniform lien laws. State v. Acacia Mut. Life Ass'n, 214 Ala. 628, 108 So. 756; Id., 214 Ala. 631, 108 So. 759; Merchants' Bank v. Sherman, 215 Ala. 370, 110 So. 805.

When the bill and exhibit are considered as complainant's pleading, that is challenged by demurrer, the averments thereof are in substantial conformance to the statute.

The case of Martin v. Clark, 154 Ala. 425, 46 So. 232, now cited on rehearing, has no application to the averred facts. It involved *inconspicuous repairs* to the building purchased after the repairs were made; there was no opportunity on the part of the purchaser to know or discover that such repairs had been made. That bill did not show that the repairs were made *before* the sale of the property, and expressly stated that:

"It is not averred in the bill when the material was furnished and the work done, though it is alleged that 'said indebtedness accrued on or about the 24th day of July, 1906.' It is not pretended that the City Loan & Banking Company, as purchaser, had any notice of the complainant's claim; the contention of the complainant being that he was given a priority under the statute, either with or without notice on the part of the City Loan & Banking Company. * * * A purchaser, taking as absolute owner of fee, is clearly not included within either class mentioned in the statute. He is neither lienor, mortgagee, nor incumbrancer, but the absolute owner; *and if he purchases without notice, actual or constructive*, the statute gives no priority as against him. To hold otherwise would be to ingraft upon the statute a provision not within its terms." (Italics supplied.)

In the case at bar, new houses are under construction. In such case the recognized principle is that:

"The fact that the work is in progress *is notice to all* of the rights of the mechanic, and all conveyances made during that time are subject to the mechanic's rights." Rockel on Mechanics' Liens, p. 393, cited in the opinion in this case.

In the Martin Case, the court sought to safeguard that decision, saying:

"If he purchases without notice, *actual or constructive*, the statute gives no priority as against him."

When a new house is constructed, as indicated in Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826, it is notice to all the world, within the lien period, of the rights of the mechanic and materialman. It is actual and constructive notice to subsequent lienholders and incumbrancers, and affects purchasers for value with such notice.

The construction given our record laws as to property subject to lien removed to another county, or brought into the state and safeguarded for the time within which notice of the lien may be given by a record of the instrument creating the lien (section 6890, Code, and annotations; Finney v. Dryden, 214 Ala. 370, 108 So. 13; Malone v. Bedsole, 93 Ala. 43, 9 So. 520; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897), bears analogy to the application we have given the mechanic's lien law on original hearing. It should be said, however, that the facts of Le Grand v. Hubbard, 211 Ala. 164, 112 So. 826, present the priority of lien between a garnishing creditor of a contractor and materialmen furnishing materials to the contractor for the erection of a building, and that the unpaid balance due was the subject-matter of that suit. However, the materialmen perfected the lien, and the lien of the garnishee as such attached against the debtor and contractor prior to the giving of notice to the owner of the land, required of persons furnishing material, etc., to contractor. It was declared that the priorities of section 8833 of the Code were unaffected by a garnishment lien attaching after the materialmen's lien came into existence, though the process issued before the time of the due perfection of materialmen's lien.

The instant bill contained a general prayer, and that seeking a lien on the lots and each building located thereon. In Martin v. Clarke, 154 Ala. 425, 427, 46 So. 232, the lien was sought upon the house and lot, and the statute construed was section 2724 of the Code of

[1] 216 Ala. 164.

1896, and re-enacted as section 4755 of the Code of 1907, and as section 8833 of the Code of 1923. The crux of that opinion is in the statement that it is not averred "when the material was furnished," that the purchaser had "no notice of complainant's claim," that the "contract [was] for repairs," alleged to have been made "prior to the sale and conveyance," and there was no opportunity for the purchasers to have notice, *actual or constructive*.

Application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.